## INVESTORS' SYNDICATE v. NORTH AMERICAN COAL & MINING COMPANY, a Corporation, Herbert Williams, and Producers & Consumers Co-operative Company, a Corporation, John F. Beyer, Intervener.

### (153 N. W. 472.)

This suit is a continuation of the litigation mentioned in Investors' Syndicate v. Letts, 22 N. D. 452, where a statement of the facts may be found.

**Intervention — pleading — right to answer — or defend.**

1. Intervener has the right, under the facts of this case, to answer upon behalf of the coal company, having shown that the officers thereof had refused to defend.

**Intervener — laches.**

2. Intervener is not guilty of laches in the premises.

**Intervener's claim — limitations — statute of.**

3. Intervener's claim is not barred by the statute of limitations.

**Trial court — findings — mortgage — contract — ultra vires — evidence — trial de novo.**

4. Findings of the trial court that the mortgage in question was fraudulently issued and *ultra vires*, and that this fact was known to the Investors' Syndicate before its execution have ample support in the evidence, and are adopted upon trial *de novo* by this court.

Opinion filed June 4, 1915.    Rehearing denied July 2, 1915.

Appeal from the District Court of Stark County, *Crawford*, J. Affirmed.

*Bangs, Netcher, & Hamilton,* and *W. J. Mayer (Charles E. Purdy,* of counsel), for appellant.

The intervener has no interest in the subject-matter of this litigation, other than that of a mere stockholder. He has no right to participate

Note.—That a stockholder in a corporation is entitled to intervene in actions against the corporation is in accord with the general rule. The whole matter of intervention is the subject of an exhaustive note in 123 Am. St. Rep. 280, particularly p. 305. See also note in 15 Am. Dec. 162, as to who may intervene in an action, and in 16 Am. Dec. 177, on the general subject of intervention.

in the management of the affairs of the corporation of which he is a mere stockholder. 26 Am. & Eng. Enc. Law, pp. 947, 970, §§ 3, 18.

A person has an "interest in the matter in litigation" only when he has a claim or demand, or a claim to a lien upon the property which is the subject of the litigation. The case of the intervener here does not even approximate this condition. Yetzer v. Young, 3 S. D. 267, 52 N. W. 1054; McClurg v. State Bindery Co. 3 S. D. 363, 44 Am. St. Rep. 799, 53 N. W. 428; Horn v. Volcano Water Co. 13 Cal. 70, 73 Am. Dec. 569; Smith v. Gale, 144 U. S. 509, 518, 36 L. ed. 521, 524, 12 Sup. Ct. Rep. 674. Note distinction drawn in Dizonno v. Great Northern R. Co. 103 Minn. 120, 114 N. W. 736; Bray v. Booker, 6 N. D. 526, 72 N. W. 933; Wightman v. Evanston Yaryan Co. 217 Ill. 376, 108 Am. St. Rep. 258, 75 N. E. 502, 3 Ann. Cas. 1089; 17 Am. & Eng. Enc. Law, 181 (note 2); Bennett v. Whitcomb, 25 Minn. 153; Goodrich v. Williamson, 10 Okla. 599, 63 Pac. 974; Dickson v. Dows, 11 N. D. 407, 92 N. W. 798.

An intervener must bring himself strictly within the provisions of the statute. Bank of Commerce v. Timbrell, 113 Iowa, 714, 84 N. W. 519; Harlan v. Eureka Min. Co. 10 Nev. 92; Steele v. Taylor, 1 Minn. 285, Gil. 210; Hoe v. Wilson, 9 Wall. 501, 504, 19 L. ed. 762, 763; Wightman v. Evanston Yaryan Co. 217 Ill. 371, 108 Am. St. Rep. 258, 75 N. E. 502, 3 Ann. Cas. 1089.

Intervention offers not a mere defense, but proposes to litigate a new issue requiring new parties. This intervener does not "join" either plaintiff or defendant, nor does he demand a right adverse to either or both. He does not unite with plaintiff in claiming, nor does he join defendants in resisting. He seeks judgment on an independent issue. He is not within the statute. Mayer v. Stahr, 35 La. Ann. 57; Clapp v. Phelps, 19 La. Ann. 461, 92 Am. Dec. 545.

Neither has he served his complaint upon all of the original parties. 29 Cyc. 1119, notes 55, 59; 32 Cyc. 448, 455 notes 41, 44; First Nat. Bank v. Holmes, 12 N. D. 38, 94 N. W. 764.

A stockholder may only sue for the benefit of the corporation, and the fruits of such suit belong to the corporation. 26 Am. & Eng. Enc. Law, 970, 972, subdiv. B.

A mere stockholder cannot rescind a corporate act, though such act be voidable; contracts affected by fraud are not void, but voidable.

2 Pom. Eq. Jur. 3d ed. § 915; Pearsoll v. Chapin, 44 Pa. 13; Kearney v. Vaughan, 50 Mo. 287; Alexander v. Nelson, 42 Ala. 469; National Bank v. Wheelock, 52 Ohio St. 550, 49 Am. St. Rep. 738, 40 N. E. 636.

If Beyer proposes to substitute a minority stockholders' bill in equity for rescission and cancelation, for a defense in intervention, he must conform to equitable rules as to parties and issues. Shields v. Barrow, 17 How. 130, 139, 15 L. ed. 158, 160; Russell v. Clark, 7 Cranch, 69–98, 3 L. ed. 271–281; Barney v. Baltimore, 6 Wall. 280, 286, 18 L. ed. 825, 826; Mallow v. Hinde, 12 Wheat. 193, 198, 6 L. ed. 599, 600; 16 Cyc. 183, 189, 190; 15 Enc. Pl. & Pr. 611–615, 687–689; Minnesota v. Northern Securities Co. 184 U. S. 199, 46 L. ed. 499, 22 Sup. Ct. Rep. 308; Donovan v. Champion, 29 C. C. A. 30, 56 U. S. App. 388, 85 Fed. 71, 19 Mor. Min. Rep. 247; Mahr v. Norwich Union F. Ins. Soc. 127 N. Y. 452, 28 N. E. 391; Miller v. Mahaffy, 45 Iowa, 289.

The board of directors and all parties taking part in the proceedings, or charged by the intervener with conspiracy, would be necessary parties. 10 Cyc. 997, C; Ribon v. Chicago, R. I. & P. R. Co. 16 Wall. 446, 450, 451, 21 L. ed. 367, 368, 369; Shields v. Barrow, 17 How. 130, 15 L. ed. 158; Griffin v. St. Louis Vine & Fruit Growers' Asso. 4 Mo. App. 596; Slattery v. St. Louis & N. O. Transp. Co. 91 Mo. 217, 60 Am. Rep. 245, 4 S. W. 79; 20 Enc. Pl. & Pr. 771; 10 Cyc. 994; Davis v. Peabody, 170 Mass. 397, 49 N. E. 750; Westcott v. Minnesota Min. Co. 23 Mich. 151, 6 Mor. Min. Rep. 336; Hersey v. Veazie, 41 Am. Dec. 370, note.

An intervener cannot inject into a case, or litigate, questions calling for new parties. He must take the case, or come into it, as he finds it, not disturbing or delaying the orderly course of the action in which he intermeddles, but subject to all the rules of law and practice. Mayer v. Stahr, 35 La. Ann. 57; Ragland v. Wisrock, 61 Tex. 391; Tompkins v. Continental Nat. Bank, 71 App. Div. 330, 75 N. Y. Supp. 1099; Cahn v. Ford, 42 La. Ann. 965, 8 So. 477; 11 Enc. Pl. & Pr. 509; 31 Cyc. 518; Osterhoudt v. Ulster County, 98 N. Y. 239; Steinbach v. Prudential Ins. Co. 172 N. Y. 471, 65 N. E. 281; McDougald v. New Richmond Roller Mills Co. 125 Wis. 121, 103 N. W. 244; O'Connor v. Irvine, 74 Cal. 435, 16 Pac. 236; 15 Enc. Pl. & Pr. 688; Hoe v. Wilson, 9 Wall. 501, 19 L. ed. 762; 11 Enc. Pl. & Pr. 509; 31 Cyc.

522; 17 Am. & Eng. Enc. Law, 185, notes 14 and 15; Gillis v. Carter, 29. La. Ann. 700; Kenner v. Holliday, 19 La. 154; Cahn v. Ford, 42 La. Ann. 965, 8 So. 477; Van Gorden v. Ormsby Bros. 55 Iowa, 657, 8 N. W. 625; Carraby v. Morgan, 5 Mart. N. S. 499; Kassing v. Walter, — Iowa, —, 65 N. W. 832.

One cannot secure the rescission of a contract fully executed, without placing or offering to place his obligation *in statu quo*. 16 Cyc. 143, note 78; 2 Pom. Eq. Jur. 3d ed. § 915; Gardner v. Butler, 30 N. J. Eq. 702; Lynch v. Burt, 67 C. C. A. 305, 132 Fed. 417; Pickett v. School Dist. 25 Wis. 551, 3 Am. Rep. 105; Daisy Roller Mills v. Ward, 6 N. D. 317, 70 N. W. 271, and cases cited; Harts v. Brown, 77 Ill. 226, 4 Mor. Min. Rep. 1; Rev. Codes 1905, § 5378, Comp. Laws 1913, § 5934; Rev. Codes 1905, § 5380, subdiv. 1, Comp. Laws 1913, § 5936.

Neither of the parties hereto has rescinded, and Beyer has no such power or authority. Any such relief sought by him is now barred by the statute of limitation. N. D. Rev. Codes 1905, § 6787, subdiv. 6, Comp. Laws 1913, § 7375; 25 Cyc. 1186; 26 Am. & Eng. Enc. Law, 986, note 2; 13 Enc. Pl. & Pr. 243–245; Wood v. Carpenter, 101 U. S. 135, 25 L. ed. 807; Dannmeyer v. Coleman, 8 Sawy. 51, 11 Fed. 97, 5 Mor. Min. Rep. 474; Morrill v. Little Falls Mfg. Co. 53 Minn. 371, 21 L.R.A. 174, 55 N. W. 547; Brasie v. Minneapolis Brewing Co. 87 Minn. 456, 67 L.R.A. 865, 94 Am. St. Rep. 709, 92 N. W. 340; Howard v. Farr, 115 Minn. 86, 131 N. W. 1071.

Beyer sought affirmative relief years ago, on the same grounds as he now defends upon, and both he and his counsel knew of all the existing facts and conditions. 25 Cyc. 1192, note 87; New Albany v. Burke, 11 Wall. 96, 20 L. ed. 155; Deering v. Holcomb, 26 Wash. 588, 67 Pac. 240, 561; 4 Cyc. 933, note 98 and 99; Galbes v. Girard, 46 Fed. 500; Bater v. A. E. Johnson Co. 79 Minn. 354, 82 N. W. 649; Riley v. Pearson, 120 Minn. 210, L.R.A.—, —, 139 N. W. 361; 16 Cyc. 172.

It is immaterial whether or not the property in question represents all the assets of the company. Beyer's rights are not affected or enlarged by such fact. 26 Am. & Eng. Enc. Law, 970, § 18.

Mere failure to pay for the stock subscribed does not render the subscriber any the less a stockholder. 26 Am. & Eng. Enc. Law, 895.

. Directors of a corporation may vote a salary to an officer though he is one of their number. Jones v. Morrison, 31 Minn. 140, 16 N. W. 854; Cook, Corp. 6th ed. § 657.

A corporation has the power to incur indebtedness and to mortgage, unless its charter expressly forbids it. Cook, Corp. 6th ed. §§ 709, 725, 779 and 808; Louisville, N. A. & C. R. Co. v. Louisville Trust Co. 174 U. S. 552, 43. L. ed. 1081, 19 Sup. Ct. Rep. 817.

There is no better established doctrine in equity than that of the immunity of a bona fide purchaser. 23 Am. & Eng. Enc. Law, 475.

Purchases for value and without notice have been pronounced as raising "an absolute, unqualified, unanswerable defense." Pilcher v. Ralins, L. R. 7 Ch. 259, 41 L. J. Ch. N. S. 485, 25 L. T. N. S. 921, 20 Week. Rep. 281, 21 Eng. Rul. Cas. 729; 23 Am. & Eng. Enc. Law, 475; Braxton v. Bell, 92 Va. 229, 23 S. E. 289; Cogel v. Raph, 24 Minn. 194; United States v. Des Moines Nav. & R. Co. 142 U. S. 510, 35 L. ed. 1099, 12 Sup. Ct. Rep. 308; Woolridge v. Thiele, 55 Ark. 45, 17 S. W. 340; 39 Cyc. 1687; 23 Am. & Eng. Enc. Law, 476; 20 Cyc. 653; 14 Am. & Eng. Enc. Law, note 1, 23 Am. & Eng. Enc. Law, 476; 1 Jones, Mortg. 6th ed. § 459; Willoughby v. Willoughby, 1 Term Rep. 763, 1 Revised Rep. 397; Porter v. Green, 4 Iowa, 571; Evans v. Greenhow, 15 Gratt. 153; New Orleans Canal & Bkg. Co. v. Montgomery, 95 U. S. 16, 24 L. ed. 346.

·The burden of proof rests upon the intervener to show plaintiff had notice of fraud. Mehlhop v. Pettibone, 54 Wis. 652, 11 N. W. 553, 12 N. W. 443; Jones v. Dunbar, 52 Neb. 151, 71 N. W. 976; Thorington v. Montgomery, 88 Ala. 548, 7 So. 363; Evans v. Mansur & T. Implement Co. 30 C. C. A. 640, 58 U. S. App. 261, 87 Fed. 275; Flagg v. Mann, 2 Sumn. 486, Fed. Cas. No. 4,847; Johnson v. Erlandson, 14 N. D. 518, 105 N. W. 722; Anderson v. Blood, 152 N. Y. 285, 57 Am. St. Rep. 515, 46 N. E. 493; 20 Cyc. 265; 29 Cyc. 1115; 21 Am. & Eng. Enc. Law, 585; 23 Am. & Eng. Enc. Law, 496; 1 Bigelow, Fr. p. 388; 21 Am. & Eng. Enc. Law, 589, note 6; Morris v. Daniels, 35 Ohio St. 406; Bartlett v. Varner, 56 Ala. 580; State use of Salomon v. Mason, 112 Mo. 374, 34 Am. St. Rep. 390, 20 S. W. 629 and cases cited.

*M. A. Hildreth,* for respondent John F. Beyer.

The Investors' Syndicate, through Tappen, its authorized agent,

knew the exact situation of Beyer with the Coal & Mining Company, and in negotiating the blanket mortgage and taking the assignment of the Dana mortgage, it did so as a part of the scheme to aid Williams in defrauding Beyer out of his interest in the property, and took it under the guise of getting money to operate the mines. Murray v. Ballou, 1 Johns. Ch. 566; Heatley v. Finster, 2 Johns. Ch. 158; 2 Cook, Corp. pp. 1924, 1927 and authorities; Bayliss v. Lafayette M. & B. R. Co. 8 Biss. 193, Fed. Cas. No. 1,140; Davis v. Rock Creek Lumber, Flume & Min. Co. 55 Cal. 359, 36 Am. Rep. 40; Jones v. Morrison, 31 Minn. 140, 16 N. W. 854.

Equity will relieve a party from a contract which is grossly unreasonable in respect to consideration. Relf v. Eberly, 23 Iowa, 467; Hoitt v. Holcomb, 23 N. H. 535; Griffin v. Sketoe, 30 Ga. 300; Barnett v. Spratt, 39 N. C. (4 Ired. Eq.) 171.

Plaintiff has no title to the mortgage in question. It must have parted with something of value by way of payment before receiving notice. Union College v. Wheeler, 61 N. Y. 88; Borell v. Dann, 2 Hare, 440; Kilcrease v. Lum, 36 Miss. 569; Doswell v. Buchanan, 3 Leigh, 365, 23 Am. Dec. 280; Hardingham v. Nicholls, 3 Atk. 304; Parkinson v. Hanna, 7 Blackf. 400; Padgett v. Lawrence, 10 Paige, 170, 40 Am. Dec. 232; Ratcliffe v. Sangston, 18 Md. 388; Servis v. Beatty, 32 Miss. 52; Ely v. Scofield, 35 Barb. 330.

If plaintiff made the loan, and secured the note in question for a purpose other than a corporate purpose, it was a fraud on the stockholders; and the burden of proof shifts from the intervener to the plaintiff to show good faith in the transaction. First Nat. Bank v. Flath, 10 N. D. 283, 86 N. W. 867; Mooney v. Williams, 9 N. D. 329, 83 N. W. 237.

The directors of a corporation act in a fiduciary capacity. In every case where the interest of the corporation is involved, or the individual interest of the directors is in conflict, they act as trustees, and are strictly accountable to the creditors or stockholders for their action. Continental Securities Co. v. Belmont, 206 N. Y. 7, 51 L.R.A.(N.S.) 112, 99 N. E. 138, Ann. Cas. 1914A, 777; Duncomb v. New York, H. & N. R. Co. 84 N. Y. 198; Pollitz v. Wabash R. Co. 207 N. Y. 113, 100 N. E. 721; Hoyle v. Plattsburgh & M. R. Co. 54 N. Y. 324, 13 Am. Rep. 595; Bulkley v. Whitcomb, 121 N. Y. 107, 24 N. E. 13;

People ex rel. Manice v. Powell, 201 N. Y. 200, 94 N. E. 634; Jacobson v. Brooklyn Lumber Co. 184 N. Y. 152, 76 N. E. 1075; 1 Thomp. Corp. 2d ed. §§ 1215, 1216, 1220.

Neither the president nor any director of a corporation is entitled to any salary unless there is an authoritative vote granting it and fixing the amount thereof.    Hayes v. Canada, A. & P. S. S. Co. 104 C. C. A. 271, 181 Fed. 289.

The note and mortgage in suit were given for the purpose of paying the indebtedness of one of the stockholders, Williams, and are void. McLellan v. Detroit File Works, 56 Mich. 579, 23 N. W. 321; 1 Beach, Corp. 276; Smith v. Los Angeles Immigration & Land Co.-op. Asso. 78 Cal. 289, 12 Am. St. Rep. 53, 20 Pac. 677; San Diego v. San Diego & L. A. R. Co. 44 Cal. 113; Thomas v. Brownville, Ft. K. & P. R. Co. 1 McCrary, 392, 2 Fed. 877; Wardell v. Union P. R. Co. 4 Dill. 330, Fed. Cas. No. 17,164; Butts v. Wood, 37 N. Y. 317; Coleman v. 2d Ave. R. Co. 38 N. Y. 201; United States Rolling Stock Co. v. Atlantic & G. W. R. Co. 34 Ohio St. 450, 32 Am. Rep. 380; Flagg v. Manhattan R. Co. 20 Blatchf. 142, 10 Fed. 413; Copeland v. Johnson Mfg. Co. 47 Hun, 235; Kelsey v. Sargent, 40 Hun, 151; Davis v. Memphis City R. Co. 22 Fed. 883; Sellers v. Phœnix Iron Co. 13 Fed. 20, 15 Mor. Min. Rep. 388; Currier v. New York, W. S. & B. R. Co. 35 Hun, 355; Jackson v. McLean, 36 Fed. 213; Miner v. Belle Isle Ice Co. 93 Mich. 97, 17 L.R.A. 412, 53 N. W. 218; Doe v. Northwestern Coal & Transp. Co. 78 Fed. 67; Wilbur v. Lynde, 49 Cal. 290, 19 Am. Rep. 645; Gilbert v. Seatco Mfg. Co. 98 Fed. 211; Koehler v. Black River Falls Iron Co. 2 Black, 715, 2 L. ed. 339; Frederick Mill. Co. v. Frederick Farmers' Alliance Co. 20 S. D. 335, 106 N. W. 298; Small v. Minneapolis Electric-Matrix Co. 45 Minn. 264, 47 N. W. 797.

A court of equity will, at the instance of a stockholder, control a corporation and its officers, and restrain them from doing acts, even within the scope of corporate authority, if such acts would amount to a breach of trust upon which the authority had been conferred.    Beyer properly intervened.    Shaw v. Saranac Horse Nail Co. 144 N. Y. 224, 39 N. E. 73; Bosworth v. Allen, 168 N. Y. 159, 85 Am. St. Rep. 667, 61 N. E. 163; Faricy v. St. Paul Invest. & Sav. Soc. 110 Minn. 311, 125 N. W. 676; Columbia Nat. Sand Dredging Co. v. Washed Bar Sand Dredging Co. 136 Fed. 710.

Plaintiff is in no better condition or position with reference to the note and mortgage than it would have been had the note and the mortgage been made direct to Williams. The loan was not for the benefit of the corporation. Gilbert v. Seatco Mfg. Co. 98 Fed. 211; Green's Brice's Ultra Vires, p. 252; 7 Am. & Eng. Enc. Law, 2d ed. p. 793; Central Transp. Co. v. Pullman's Palace Car Co. 139 U. S. 24, 35 L. ed. 55, 11 Sup. Ct. Rep. 478.

A person cannot be agent of the vendor of property, and at the same time the purchaser thereof. Marsh v. Whitmore, 21 Wall. 178, 22 L. ed. 482; Farmers' Loan & T. Co. v. Toledo, A. A. & N. M. R. Co. 67 Fed. 49; Sage v. Culver, 147 N. Y. 245, 41 N. E. 513.

A pleading will be held to state all the facts that can be implied from the allegations by reasonable and fair intendment, and facts so impliedly averred are traversable in the same manner as though directly stated. Zabriskie v. Smith, 13 N. Y. 330, 64 Am. Dec. 551; Sanders v. Soutter, 126 N. Y. 193, 27 N. E. 263; Brinkerhoff v. Bostwick, 88 N. Y. 52; Hawes v. Oakland (Hawes v. Contra Costa Water Co.) 104 U. S. 450, 26 L. ed. 827; Leslie v. Lorillard, 110 N. Y. 519, 1 L.R.A. 456, 18 N. E. 363; Cowee v. Cornell, 75 N. Y. 100, 31 Am. Rep. 428; Crowe v. Ballard, 1 Ves. Jr. 221, 2 Cox, Ch. Cas. 253, 3 Bro. Ch. 117, 1 Revised Rep. 22; Gibson v. Jeyes, 6 Ves. Jr. 278, 5 Revised Rep. 295; Michoud v. Girod, 4 How. 553, 11 L. ed. 1098; Butts v. Wood, 37 N. Y. 317; Ogden v. Murray, 39 N. Y. 207; Gardner v. Ogden, 22 N. Y. 332, 78 Am. Dec. 192; Zebley v. Farmers' Loan & T. Co. 139 N. Y. 461, 34 N. E. 1067.

The Coal & Mining Company defaulted in this case after Williams had, by his acts, invited the service of process; and under these circumstances, Beyer properly intervened to protect not only his own interests, but those of the company as well. Cook, Stock & Stockholders, § 659; Bronson v. La Crosse & M. R. Co. 2 Wall. 283, 17 L. ed. 725; Bayliss v. Lafayette R. Co. 8 Miss. 193, Fed. Cas. No. 1,140; Morrill v. Little Falls Mfg. Co. 46 Minn. 260, 48 N. W. 1124; 4 Am. & Eng. Enc. Law, 280–283 and cases cited; Bronson v. La Crosse & M. R. Co. 2 Wall. 283, 17 L. ed. 725; Baldwin v. Canfield, 26 Minn. 48, 1 N. W. 261; Dodge v. Woolsey, 18 How. 331, 15 L. ed. 401; Pond v. Vermont Valley R. Co. 12 Blatchf. 280, Fed. Cas. No. 11,265; Rogers v. Lafayette Agri. Works, 52 Ind. 296; Morawetz, Priv. Corp. §§ 270, 271; Gamble v.

Queens County Water Co. 123 N. Y. 91, 9 L.R.A. 527, 25 N. E. 201; Pondir v. New York, L. E. & W. R. Co. 72 Hun, 385, 25 N. Y. Supp. 560; Barr v. New York, L. E. & W. R. Co. 96 N. Y. 444; Sage v. Culver, 147 N. Y. 241, 41 N. E. 513; Meyer v. Staten Island R. Co. 7 N. Y. S. R. 245; Irvin v. Oregon R. & Nav. Co. 22 Blatchf. 187, 27 Fed. 630; Wright v. Oroville Gold, S. & C. Min. Co. 40 Cal. 20, 3 Mor. Min. Rep. 558; Meeker v. Winthrop Iron Co. 17 Fed. 48; Goodin v. Cincinnati & W. Canal Co. 18 Ohio St. 169, 98 Am. Dec. 95; Jackson v. Ludeling, 21 Wall. 616, 22 L. ed. 492; Menier v. Hooper's Teleg. Works, L. R. 9 Ch. 350, 43 L. J. Ch. N. S. 330, 30 L. T. N. S. 209, 22 Week. Rep. 396; Gregory v. Patchett, 33 Beav. 595; Barr v. New York, L. E. & W. R. Co. 96 N. Y. 444.

A note that shows on its face that it was executed by the president of a corporation on behalf of the corporation, and running to himself as payee, is sufficient to charge his assignee with notice of want of authority to execute it, and is a badge of fraud; and a stockholder of such corporation may, on his own behalf and in the interest of the corporation, resist it and show fraud. San Diego v. San Diego & L. A. R. Co. 44 Cal. 106; Bill v. Western U. Teleg. Co. 16 Fed. 14; Copeland v. Johnson Mfg. Co. 47 Hun, 235; Hayes v. Canada, A. & P. S. S. Co. 104 C. C. A. 271, 181 Fed. 289; Wickersham v. Brittan, 93 Cal. 19, 15 L.R.A. 106, 28 Pac. 792, 29 Pac. 51; Butts v. Wood, 37 N. Y. 317; Kelsey v. Sargent, 40 Hun, 155; Copeland v. Johnson Mfg. Co. 47 Hun, 235; Gardner v. Butler, 30 N. J. Eq. 702; Ward v. Davidson, 89 Mo. 445, 1 S. W. 846; Chamberlain v. Pacific Wool-Growing Co. 54 Cal. 103; Davis v. Memphis City R. Co. 22 Fed. 883; Sellers v. Phœnix Iron Co. 13 Fed. 20, 15 Mor. Min. Rep. 388; Currier v. New York, W. S. & B. R. Co. 35 Hun, 355; Jackson v. McLean, 36 Fed. 213; Miner v. Belle Isle Ice Co. 93 Mich. 97, 17 L.R.A. 412, 53 N. W. 218.

The transaction from its inception was fraudulent and void. The company had no power to borrow money to pay the debts of Williams, and such contract was *ultra vires.* Green's Brice's Ultra Vires, 253; 7 Am. & Eng. Enc. Law, 2d ed. 793; Waymire v. San Francisco & S. M. R. Co. 112 Cal. 650, 44 Pac. 1086.

Where there is fraud or lack of consideration, proof of these may be given, and the burden then shifts to the plaintiff to show that he is a holder in due course and for value. McNight v. Parsons, 136 Iowa,

390, 22 L.R.A.(N.S.) 718, 125 Am. St. Rep. 265, 113 N. W. 858,.
15 Ann. Cas. 665; Rochford v. Barrett, 22 S. D. 83, 115 N. W. 522;
Neyens v. Worthington, 150 Mich. 580, 18 L.R.A.(N.S.) 142, 114 N..
W. 404.

The directors in voting a salary to Williams and wife acted in bad
faith. They were chargeable with knowledge of all the facts known
to Tappen; and as to this intervener, their acts were fraudulent. Gard-
ner v. Butler, 30 N. J. Eq. 702; Excelsior Pebble Phosphate Co. v.
Brown, 20 C. C. A. 428, 42 U. S. App. 55, 74 Fed. 323; Tazewell
County v. Farmers' Loan & T. Co. 12 Fed. 753; Harrison v. Thomas,.
50 C. C. A. 98, 112 Fed. 29.

Such act was in effect the giving away of the assets of the corpora-
tion. Bennett v. St. Louis Car Roofing Co. 19 Mo. App. 349; Blatch-
ford v. Ross, 54 Barb. 42; Jones v. Morrison, 31 Minn. 140, 16 N. W..
854; Maux Ferry Gravel Road Co. v. Branegan, 40 Ind. 361; Accom-
modation Loan & Sav. Fund Asso. v. Stonemetz, 29 Pa. 534; Holder
v. Lafayette, B. & M. R. Co. 71 Ill. 106, 22 Am. Rep. 89.

The president of a corporation cannot claim salary for his services
as such, where none was properly voted to him before the services were
rendered. St. Louis, A. & S. R. Co. v. O'Hara, 177 Ill. 525, 52 N. E..
734, 53 N. E. 118; Henry Wood's Sons Co. v. Schaefer, 173 Mass..
443, 73 Am. St. Rep. 305, 53 N. E. 881; Metropolitan Elev. R. Co.
v. Kneeland, 120 N. Y. 134, 8 L.R.A. 253, 17 Am. St. Rep. 619, 24
N. E. 381; Barril v. Calender Insulating & Water Proofing Co. 50
Hun, 257, 2 N. Y. Supp. 758; Chamberlain v. Pacific Wool-Growing
Co. 54 Cal. 103; Strouse v. Sylvester, — Cal. —, 66 Pac. 660; Doe v..
Northwestern Coal & Transp. Co. 78 Fed. 62.

When the salary of Williams and wife was allowed, both were direc-
tors, and voted to themselves such salary. This was constructive fraud,
from which a court of equity will grant relief. Butts v. Wood, 38
Barb. 181, 37 N. Y. 317; Steele v. Gold Fissure Gold Min. Co. 42
Colo. 529, 126 Am. St. Rep. 177, 95 Pac. 349; Gardner v. Butler,.
30 N. J. Eq. 702; Jones v. Morrison, 31 Minn. 140, 16 N. W. 854;
Kelsey v. Sargent, 40 Hun, 150; Figge v. Bergenthal, 130 Wis. 594,
109 N. W. 581, 110 N. W. 798; Schaffhauser v. Arnholt & S. Brewing
Co. 218 Pa. 298, 67 Atl. 417, 11 Ann. Cas. 772; Hardee v. Sunset
Oil Co. 56 Fed. 51; Bliss v. Seaman, 165 Ill. 427; Copeland v. John-

son Mfg. Co. 47 Hun, 235; MacNaughton v. Osgood, 41 Hun, 109; Beers v. New York L. Ins. Co. 66 Hun, 75, 20 N. Y. Supp. 788; Wickersham v. Crittenden, 93 Cal. 17, 28 Pac. 788, 106 Cal. 327, 39 Pac. 602, 110 Cal. 332, 43 Pac. 893; 2 Cook, Corp. 6th ed. pp. 1934, 1935; Wayne Pike Co. v. Hammons, 129 Ind. 368, 27 N. E. 487; Blatchford v. Ross, 54 Barb. 42; Ziegler v. Hoagland, 52 Hun, 385, 5 N. Y. Supp. 305; Adams v. Burke, 201 Ill. 395, 66 N. E. 235; Davis v. Memphis City R. Co. 22 Fed. 883; Hubbard v. New York, N. E. & W. Invest. Co. 14 Fed. 675; Greathouse v. Martin, — Tex. Civ. App. —, 91 S. W. 385, 100 Tex. 99, 94 S. W. 322; Sellers v. Phœnix Iron Co. 13 Fed. 20, 15 Mor. Min. Rep. 388; Miner v. Belle Isle Ice Co. 93 Mich. 97, 17 L.R.A. 412, 53 N. W. 218.

The law forbids directors to profit individually out of the corporate assets, or to do any act the result of which is detrimental to the best interests of the corporation, when such act is for personal gain or advantage. Faricy v. St. Paul Invest. & Sav. Soc. 110 Minn. 311, 125 N. W. 676; Perry v. Tuskaloosa Cotton Seed Oil Mill Co. 93 Ala. 364, 9 So. 217; Finch v. Riverside & A. R. Co. 87 Cal. 597, 25 Pac. 765; Santa Ana Water Co. v. San Buenaventura, 65 Fed. 324; Nunemacher v. Louisville, 98 Ky. 334, 32 S. W. 1091; Sims v. Petaluma Gaslight Co. 131 Cal. 656, 63 Pac. 1011; Edison v. Gilliland, 42 Fed. 205; McGourkey v. Toledo & O. C. R. Co. 146 U. S. 536, 36 L. ed. 1079, 13 Sup. Ct. Rep. 170; Michelson v. Pierce, 107 Wis. 85, 82 N. W. 707; Currier v. New York, W. S. & B. R. Co. 35 Hun, 355; Goodell v. Verdugo Canon Water Co. 138 Cal. 308, 71 Pac. 354; Pepper v. Addicks, 153 Fed. 383.

Where third persons have defrauded a corporation by collusion with the corporate officers or stockholders, action as against both the officers and such third persons, and such third parties held liable, the corporation itself is in no position to complain. Or when the directors have turned over the property to an assignee to pay illegal debts, the stockholders may file a bill to have the transaction annulled and set aside. Farmers' Loan & T. Co. v. New York & N. R. Co. 150 N. Y. 426, 34 L.R.A. 76, 55 Am. St. Rep. 689, 44 N. E. 1043; Farmers' Loan & T. Co. v. Toledo, A. A. & N. M. R. Co. 67 Fed. 57; Whitney v. Hazzard, 18 S. D. 491, 101 N. W. 346.

It was not only Beyer's right, but his duty as a stockholder, to inter-

vene and do all proper acts to protect his own and the interests of the corporation,—especially when those who were involved in the transaction were made defendants, but had defaulted and declined to resist the illegal claims. Exchange Bank v. Bailey, 29 Okla. 246, 39 L.R.A. (N.S.) 1032, 116 Pac. 812; Central Trust Co. v. California & N. R. Co. 110 Fed. 70; Steele v. Branch, 40 Cal. 10; Bayliss v. Lafayette, M. & B. R. Co. 8 Biss. 193, Fed. Cas. No. 1,140; Dodge v. Woolsey, 18 How. 331, 15 L. ed. 401; Pond v. Vermont Valley R. Co. 12 Blatchf. 280, Fed. Cas. No. 11,265; Brewer v. Boston Theatre, 104 Mass. 378; Gregory v. Patchett, 33 Beav. 595; Peabody v. Flint, 6 Allen, 55; March v. Eastern R. Co. 40 N. H. 567, 77 Am. Dec. 732; Mason v. Harris, L. R. 11 Ch. Div. 97, 48 L. J. Ch. N. S. 589, 40 L. T. N. S. 644, 27 Week. Rep. 699; Atwool v. Merryweather, L. R. 5 Eq. 464; Ervin v. Oregon R. & Nav. Co. 23 Blatchf. 517, 27 Fed. 629; Allen v. Curtis, 26 Conn. 456; Hersey v. Veazie, 24 Me. 9, 41 Am. Dec. 364; Livingston v. Lynch, 4 Johns. Ch. 573; Kean v. Johnson, 9 N. J. Eq. 401; Rollins v. Clay, 33 Me. 132; Clearwater v. Meredith (Ferguson v. Meredith) 1 Wall. 25, 17 L. ed. 604; Maux Ferry Gravel Road Co. v. Branegan, 40 Ind. 361; Holder v. Lafayette, B. & M. R. Co. 71 Ill. 106, 22 Am. Rep. 89; Jackson v. New York C. R. Co. 2 Thomp. & C. 653; Sant v. Perronville Shingle Co. 179 Mich. 42, 146 N. W. 212; Koehler v. Black River Falls Iron Co. 2 Black, 721, 17 L. ed. 342; Davis v. Rock Creek Lumber, Flume & Min. Co. 55 Cal. 359; Whittlesey v. Delaney, 73 N. Y. 571; Kelsey v. Sargent, 40 Hun, 156; Bixler v. Summerfield, 195 Ill. 147, 62 N. E. 849; Code Civ. Proc. § 6825; Farmers' Loan & T. Co. v. New York & N. R. Co. 150 N. Y. 426, 34 L.R.A. 76, 55 Am. St. Rep. 689, 44 N. E. 1043; Vilas v. Plattsburgh & M. R. Co. (Vilas v. Butler) 123 N. Y. 444, 9 L.R.A. 844, 20 Am. St. Rep. 771, 25 N. E. 941; Sage v. Culver, 147 N. Y. 241, 41 N. E. 513; Wright v. Oroville Gold, S. & C. Min. Co. 40 Cal. 20, 3 Mor. Min. Rep. 558; Meeker v. Winthrop Iron Co. 17 Fed. 48; Menier v. Hooper's Teleg. Works, L. R. 9 Ch. 350, 43 L. J. Ch. N. S. 330, 30 L. T. N. S. 209, 22 Week. Rep. 396; 2 Cook, Stock & Stockholders, 3d ed. § 662, p. 945; 2 Cook, Corp. 6th ed. p. 1926; 1 Beach, Priv. Corp. § 70; 2 Bigelow, Fr. § 645; Coffey v. Greenfield, 55 Cal. 382; Ah Goon v. Superior Ct. 61 Cal. 556; 3 Kerr's Cyc. Code of Cal. pt. 1, p. 435, and cases cited in footnotes; Andrews v. Pratt, 44 Cal. 309; Wilbur

v. Lynde, 49 Cal. 290, 19 Am. Rep. 645; Pickett v. School Dist. 25 Wis. 552, 3 Am. Rep. 105; Cumberland Coal & I. Co. v. Sherman, 30 Barb. 553.

It is proper for stockholders and bondholders to intervene in foreclosure suits. Central Trust Co. v. Washington County R. Co. 124 Fed. 813; Farmers' Loan & T. Co. v. New York & N. R. Co. 150 N. Y. 410, 34 L.R.A. 76, 55 Am. St. Rep. 689, 44 N. E. 1043; Majors v. Taussig, 20 Colo. 44, 36 Pac. 816; Farmers' Loan & T. Co. v. Toledo, A. A. & N. M. R. Co. 67 Fed. 49; Morrill v. Little Falls Mfg. Co. 46 Minn. 260, 48 N. W. 1124; Re Fontana, 85 Hun, 219, 32 N. Y. Supp. 956; Henry v. Travelers' Ins. Co. 16 Colo. 179, 26 Pac. 318; Whitney v. Hazzard, 18 S. D. 490, 101 N. W. 346.

Beyer has an indivisible right to the assets and property of the Coal & Mining Company, and the right rests in him to bring an action, or to defend this action and to attack the foreclosure proceedings. Pollitz v. Gould, 202 N. Y. 11, 38 L.R.A.(N.S.) 988, 94 N. E. 1088, Ann. Cas. 1912D, 1099; Coffey v. Greenfield, 55 Cal. 382; Central Trust Co. v. Washington County R. Co. 124 Fed. 813; Heyman v. Swift, 91 App. Div. 352, 86 N. Y. Supp. 584; Farmers' Loan & T. Co. v. New York & N. R. Co. 150 N. Y. 410, 34 L.R.A. 76, 55 Am. St. Rep. 689, 44 N. E. 1043; Mussina v. Goldthwaite, 34 Tex. 125, 7 Am. Rep. 281; Farmers' Loan & T. Co. v. Toledo, A. A. & N. M. R. Co. 67 Fed. 49; Morrill v. Little Falls Mfg. Co. 46 Minn. 260, 48 N. W. 1124; Henry v. Travelers' Ins. Co. 16 Colo. 179, 26 Pac. 318; Whitney v. Hazzard, 18 S. D. 490, 101 N. W. 346; Chamberlain v. Pacific Wool-Growing Co. 54 Cal. 103; Doe v. Northwestern Coal & Transp. Co. 78 Fed. 62.

Where a party by his own fraud has prevented the other party from coming to a knowledge of his own rights, he cannot, in good conscience, avail himself of the statute of limitations. Authorities cited in Michoud v. Girod, 4 How. 561, 11 L. ed. 1102; First Massachusetts Turnp. Corp. v. Field, 3 Mass. 201, 3 Am. Dec. 124; Welles v. Fish, 3 Pick. 74; Bishop v. Little, 3 Me. 405; Gates v. Andrews, 37 N. Y. 657, 97 Am. Dec. 764; Mayne v. Griswold, 3 Sandf. 465; Taft v. Wright, 47 How. Pr. 1; Kent v. Kent, 62 N. Y. 560, 20 Am. Rep. 502; Higgins v. Crouse, 63 Hun, 134, 17 N. Y. Supp. 696; Tarke v. Bingham, 123 Cal. 163, 55 Pac. 759; Bank of Mendocino v. Baker, 82 Cal. 114, 6.

L.R.A. 833, 22 Pac. 1037; Prouty v. Devin, 118 Cal. 258, 50 Pac. 380; Lady Washington Consol. Co. v. Wood, 113 Cal. 487, 45 Pac. 809; Authorities cited under ¶ 96, vol. 3, Kerr's Cyc. Code (Cal.) p. 297; Dunne v. Stotesbury, 16 Colo. 89, 26 Pac. 333; Brush v. Manhattan R. Co. 26 Abb. N. C. 73, 13 N. Y. Supp. 908; Neppach v. Jones, 20 Or. 491, 23 Am. St. Rep. 145, 26 Pac. 569, 849; Gay v. Havermale, 27 Wash. 390, 67 Pac. 804.

BURKE, J. This is a continuation of the litigation mentioned in Investors' Syndicate v. Letts (Beyer, intervener), reported in 22 N. D. 452, 134 N. W. 317. As will appear from the statement of facts given in the above-mentioned opinion, the intervener Beyer, the Letts, and one Williams organized a company known as the North American Coal & Mining Company, of which Beyer received $10,000; the Letts $10,000, and Williams $30,000, in stock. No money was paid for any part of this stock, excepting by Beyer as hereinafter mentioned. The Letts owned their homestead, the N. W. ¼ 16–139–94, encumbered by a mortgage of $500 given to one Dana, and the S. E. ¼ of same section. In the organization of the company, the Letts turned over this land subject to the mortgage in return for their stock in the company. Beyer obtained his stock by paying up the various mortgages against this and other lands, paying the taxes, and contributing enough cash to make up the total sum of $3,440. All of this was turned over to the company for the $10,000 stock which he received. In making the transfers aforesaid, he took in his own name the $500 mortgage upon the Letts homestead, and also took in his own name the N. ½ section 21–139–94. The mortgage he assigned to the coal company by an instrument in writing, and the land he deeded to them by warranty deed. In this manner the company became the owner of the mortgage upon the quarter section in section 16, and the absolute owner of the half section in 21. Williams upon his part donated his services as promoter, and received $30,000 worth of stock. As recited in the former opinion, the coal company executed a mortgage upon the S. E. ¼ of 16 and the half section in 21 and assigned the $500 mortgage upon the N. W. ¼ of 16 to the Investors' Syndicate. Beyer served as treasurer and director of the coal company for several years, when he resigned on account of a disagreement with Williams. About five years after the

organization of the coal company, Beyer brought an action against it and Williams to have the entire transaction rescinded upon the ground of fraud in its inception, offering to return his $10,000 stock, and asking for a return to him of the land and the $500 mortgage.  After a trial upon the merits in the United States district court, Beyer was defeated, the court holding that no fraud had been practised upon him which would justify a rescission, the language of the opinion being found at page 454 of 22 N. D.  No appeal was taken from this decree. The Investors' Syndicate thereupon began foreclosure of the $500 mortgage, naming the Letts as defendants.  Beyer intervened, alleging that he had been defrauded in assigning the mortgage, and asked for rescission and to have the title thereto restored to him.  In this action Beyer was again defeated, as will be seen from the opinion already mentioned, this court holding the decision of the United States district court *res judicata* of the controversy.  Later the Investors' Syndicate Company started the case at bar to foreclose the mortgage which had been given to it by the coal company upon the S. E. $\frac{1}{4}$ of 16, and the N.$\frac{1}{2}$ of 21.  No defense being made by the coal company, Beyer again intervened, claiming that the mortgage given by the coal company to the Investors' Syndicate was fraudulent and *ultra vires*.

He alleges that he has demanded of the officers of the coal company that they interpose a defense to the action of foreclosure, but such officers have neglected to do so, and are in a conspiracy with the plaintiffs to prevent a defense being interposed, wherefore he, the intervener, prays that the plaintiff's complaint be dismissed on the merits and for costs.  In his brief he states his position as follows: "We may maintain: (1) that John F. Beyer has a right to intervene in the action pending; (2) that his petition in intervention, and complaint in intervention, state a good defense to the foreclosure of the mortgage and suit on the notes set out in plaintiff's complaint.  (3) That it appears upon the face of the complaint in intervention that the resolutions that were passed by the North American Coal & Mining Company were attended by Williams and his wife, who were directors.  That they had voted themselves under the resolutions large salaries which they have never earned.  That they thereupon, in fraud of the rights of Mr. Beyer and the other stockholders, mortgaged the assets of the company, and, upon securing the assets, paid their personal debts to the plaintiff

31 N. D.—18.

corporation. That the action of Williams and his wife was a fraud in law against Beyer, and is sufficient in itself to defeat the plaintiff to maintain his action on the note and for a foreclosure of the mortgage." The trial court found that the notes and mortgages given by the coal company were fraudulent and *ultra vires,* and that those facts were known to the Investors' Syndicate at the time of their execution, and judgment was entered nullifying the same, with costs in favor of Beyer. The Investors' Syndicate appeals, demanding a trial *de novo* in this court.

(1) Appellant attacks the right of the intervener to answer upon behalf of the company, claiming that he has no direct interest; that he does not offer a mere defense, but purposes to litigate new issues requiring new parties to the action; that he does not join either the plaintiff or the defendant, and that he has not served his complaint upon all the parties to the original action. It is true that the intervener has denominated his pleading a complaint; that he filed an amended complaint in intervention which seems to lose sight of the defensive character of his first pleading, and has been guilty of other irregularities and inaccuracies of pleading. But in the interests of justice, this court can overlook these, more especially so in view of the fact that the plaintiff could in no manner have been misled by any allegations therein contained. We will therefore treat the intervener's pleading as an answer and defense to the foreclosure suit made by himself as intervener, but upon behalf of the coal company, of which he was a stockholder, whose officers had refused, after due request, to defend the foreclosure action. That Beyer could intervene under those circumstances is clear under all the authorities. We quote from Cook on Corporations, 6th ed. vol. 3, § 848: "But where good defense to a mortgage actually exists, and the corporation as defendant in the foreclosure suit fails to set them up, or where the trustee as complainant is not protecting the interests of the mortgaged bondholders whom he represents, then difficult questions arise, and they are peculiar to corporative law.. The question then arises: Who can complain, and what is his remedy? The clearest method of treating this subject is perhaps to consider the status of each party separately from the others as follows: § 848 (a) The trustee. . . . (b) Bondholders. . . . (c) . . . (i) The remedy of stockholders against a collusive or fraudu-

lent foreclosure of a corporate mortgage has been a prolific source of litigation.   A frequent fraud on stockholders, and one which it is difficult to detect and prove, is where there is a valid defense to the mortgage, but the directors collusively neglect to defend against a suit of foreclosure, in consequence of which a default is taken and the corporation speedily deprived of all its assets.   It is a fraud difficult to detect, since ordinarily there is no defense to foreclosure suits, and the defenses which should have been set up by the corporation are difficult of proof themselves.   At an early day the leading case of Koehler v. Black River Falls Iron Co. 2 Black. 715, 17 L. ed. 339, established the principle that a stockholder in such a case may be allowed to go in as a defendant, and set up the defenses which the corporation ought to have set up. . . .   Stockholders will be allowed to intervene and defend where a default has been allowed, and the stockholders allege collusion and show an apparently good defense.   [Cases cited.]   . . . A stockholder's remedy during the pendency of the foreclosure suit is in that suit, and not by an independent suit. . . .   The proper remedy is for the corporation to set up this defense, and if it declines to set it up, then the stockholder may intervene."   At 10 Cyc. page 999, it is said:   "As a general rule a corporation can appear to defend litigation only in its corporative capacity, represented by its properly constituted officers.   But if a suit is brought against the corporation, and the directors, in breach of their trust, fail or refuse to make defense to the same in the name of the corporation, shareholders will be permitted so to do."   Of course this intervention can only be after the corporation has refused to defend, or showing is made that its officers should not be intrusted with such defense.   We reach the conclusion, therefore, that Beyer was entitled to intervene, and that his complaint in intervention should be, and will be, treated by this court as an answer. This can easily be done by disregarding immaterial matter therein contained, and looking only to those portions which assert that the mortgage given by the coal company was *ultra vires*, fraudulent, and void; that these facts were known to the Investors' Syndicate at the time the mortgage was given to them; that intervener has requested the officers of the coal company to urge this defense against the foreclosure proceedings; that they have refused to so defend, and therefore intervener as a minority stockholder is entitled to make such defense

for the company. Hawes v. Oakland (Hawes v. Contra Costa Water Co.) 104 U. S. 450, 26 L. ed. 827; 9 Mod. Am. Law, pp. 256–262, § 201.

(2) Appellant next insists that the intervener, as well as the stockholders generally of the coal company, are guilty of such laches in their attack upon the mortgage aforesaid that they should not be heard in a court of equity. In appellant's brief it is said: "Proof shows that Beyer made the same charges ten years ago. It is preposterous, in the face of the record in the Federal court, for him to deny knowledge of the so-called fraud, since he charged it then and sought similar relief affirmatively, as now by way of defense." While it cannot be denied that Beyer has been in possession of some of the facts since 1903, yet we do not believe such knowledge should preclude him from his defense at this time. The status of the parties is the same to-day as it was in 1895. The mortgage has not been assigned by the Investors' Syndicate, and there has been no change in the ownership of the stock of the coal company; therefore there are no new parties to be misled by the acquiescence of the intervener during the years that the mortgage has been allowed to stand of record. So long as no effort was made to foreclose the mortgage, Beyer might not be expected to act. As already noted, he had on two occasions attempted to recover the land for himself, and had failed. Thereafter his only hope was that the coal company might preserve its assets so his stock therein might not be impaired in value. As early as 1906 the United States district court in so-many words told Beyer that his only remedy was to bring an action of dissolution against the coal company, and to impound its assets for the benefit of the persons who had actually contributed; but Beyer has so far failed to follow this advice, and appears in this case at great expense, with the only hope of defeating the foreclosure, and with no possibility of obtaining any affirmative personal relief. But the fact that he has been in constant though fruitless litigation should be considered in determining whether or not he has been guilty of laches. The records of this court bear evidence that during the past ten years Beyer has not been sleeping upon his rights, although he has many times mistaken his remedy. We cannot agree with appellant when he says that he has been indifferent, and has neglected his duty in the premises. In this connection, we should also remember that during

all of those years Beyer was trying to get possession of the books of the company for the purposes of obtaining direct information upon which, as he says, he intended to base the proper action later on. In Townsend v. Vanderwerker, 160 U. S. 172, 40 L. ed. 383, 16 Sup. Ct. Rep. 258, the Supreme Court of the United States says: "The question of laches does not depend, as does the statute of limitations, upon the fact that certain definite time has elapsed since the cause of action accrued, but whether under all of the circumstances of the particular case plaintiff is chargeable with a want of due diligence in failing to institute proceedings before he did. In this case, we think the delay is fully explained." We think the same conclusion should be reached in this case. The defendant has excused his failure to bring an action to set aside this mortgage on behalf of the corporation. See also Northern P. R. Co. v. Boyd, 228 U. S. 482, 57 L. ed. 931, 33 Sup. Ct. Rep. 554, decided in December, 1913.

(3) Appellant next urges that Mr. Beyer's claim is barred by the statute of limitations, citing § 7375, Comp. Laws 1913, subd. 6, which reads: "An action for relief on the ground of fraud in cases which heretofore were solely cognizable by the court of chancery, the cause of action in such case not to be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud" must be commenced within six years. Appellant strenuously insists that Beyer made the identical charges in a verified complaint more than ten years before the institution of the present foreclosure suit, and says: "From this it plainly appears that both Beyer and his counsel were perfectly familiar with the situation as early as 1904, and were urging the same matters in the court then as now." Several answers can be made to this contention. First, the facts alleged by Beyer, if true, render the mortgage absolutely void, and the intervener is not asking any affirmative relief, but rather defending the coal company against the wrongful imposition of a void instrument upon the assets of the company. It is the Investors' Syndicate that is asking the relief, and not the intervener. This matter is so well treated in Schoener v. Lissauer, 107 N. Y. 111, 13 N. E. 741, that we will quote from that opinion as an answer to appellant's contention. In such case the New York court says the court found that the execution of the mortgage was made under fraud and duress. An action was then brought to cancel the

mortgage as a cloud on the title. The defendant set up the statute of limitations, and claimed that inasmuch as the action was not brought within six years that therefore the plaintiff is entitled to no relief. The court held the statute of limitations had no application, and in the opinion said: "We are of opinion that this limitation does not apply to an action, like the present one, to remove a cloud upon the title to land   The action is not brought to recover the land, that being already in the possession of the plaintiffs, but to compel the cancelation of an instrument to which they have a good defense, but which constitutes an apparent lien, and, so long as it remains outstanding, injuriously affects their title, and their defense to which, resting on extrinsic facts to be established by evidence, may be imperiled by the lapse of time and the consequent loss of testimony. Should the defendants ever seek to enforce their mortgage, the plaintiffs could not, by any lapse of time, be barred of the right to prove the facts which constitute their defense to it, although they might be seriously embarrassed in the practical exercise of that right. It is an acknowledged head of equity jurisdiction, resting on these grounds, to remove clouds upon the title to land at the suit of the owner of the fee. Such owner has a right to invoke this aid; and to have an apparent, though not real, encumbrance, discharged of record at any time while he continues to be owner. This right, as said in some of the authorities, is never barred by the statute of limitations, so long as the cloud continues to exist." See also Miner v. Beekman, 50 N. Y. 337, where it is said: "It is an acknowledged branch of equity jurisdiction to remove clouds from the title at the suit of the owner of the fee. Such owner has a right to invoke this aid, but must he do it within ten years after the commencement of the cloud, or may he do it at any time during its existence, while he continues such owner? My conclusion is that this is a continuing right that may be asserted at any time during the existence of the cloud; never barred by the statute of limitations while the cloud continues to exist. . . . While the owner of the fee continues liable to an action for the foreclosure of a mortgage . . . he has a continuing right to the aid of equity to determine the amount, if uncertain, and to compel its discharge upon payment, and an action to enforce this continuing right cannot be barred by the statute of limitations, for the reason that it is continuing. This is analogous to the rule as to

private nuisances, which are regarded as continuing injuries, and although damages sustained therefrom cannot be recovered for more than six years prior to the commencement of the action, yet a recovery may be had for this period, although the nuisance had its origin before such time." See also Wood, Limitations, 3d ed. p. 139; Stevens v. Union Trust Co. 57 Hun, 498, 11 N. Y. Supp. 268; Wait, Fraud. Conv. & Creditors Bills, § 148; Traer v. Clews, 115 U. S. 528, 29 L. ed. 467, 6 Sup. Ct. Rep. 155; Kirby v. Lake Shore & M. S. R. Co. 120 U. S. 130, 30 L. ed. 569, 7 Sup. Ct. Rep. 430.

Another reason for our conclusion that the statute of limitations did not run in this case is that all of the facts constituting the fraud were not known to the intervener at the time of bringing the action in the United States court. He claims, for instance, that he did not learn that Tappen, the secretary of the Investors' Syndicate, had been at one time a stockholder and secretary of the coal company and a former partner in business of Williams, until a much later period; that he did not know that the meeting of the coal company authorizing the execution of the mortgage was held at the private home of Mr. Williams, until 1913, and there is considerable corroboration of this claim. The authorities seem to be unanimous, and our Code specifically provides that the statute shall not begin to run until the fraud is discovered. In Gates v. Andrews, 37 N. Y. 658, 97 Am. Dec. 764, the court says: "In case of fraud the statute of limitations does not begin to run until there is perfect right to sue and the fraud was previously discovered." Tarke v. Bingham, 123 Cal. 163, 55 Pac. 759; Wood, Limitations, § 62.

The statute of limitations has not run against the defense interposed.

(4) The next complaint of appellant is that the findings of fact made by the trial court are not supported by the evidence, especially the finding that the mortgage in question was fraudulently issued, *ultra vires,* and void, and those facts were known to the Investors' Syndicate. The findings of the trial court are lengthy and the evidence voluminous. To produce both would fill a volume of the North Dakota Reports; so we will have to give the briefest resumé, or our conclusion of the effect of such testimony after a careful perusal thereof. There is testimony which, to our mind, shows the following in part to be the facts: Williams, the promoter and president of the coal company, and Tappen, the secretary of the Investors' Syndicate, were business associates before

the organization of the coal company, and at one time officed together. That when the coal company was first organized, stock therein was issued to Tappen for which he never paid, and which was canceled from the books of the company, and that at one time Tappen was elected an officer of the coal company. That Williams took three fifths of the stock of the coal company for practically nothing except his services, and did nothing whatever towards developing a coal mine. That he either borrowed or pretended to borrow $1,118.43 of the Investors' Syndicate, of which Tappen was secretary, and assigned some of his stock in the coal company as collateral; that, thereafter, a meeting of the coal company was held at Williams's house, at which Beyer was not present nor invited; and at such meeting a mortgage in this sum was authorized to be given by the coal company upon its entire assets; and at the same meeting Williams and his wife voted themselves back salary which had not theretofore been authorized by the company. That upon the execution of the mortgage, Williams took the entire proceeds, even to the last cent, from the Investors' Syndicate Company, and a few hours later paid it back to said Investors' Syndicate Company to pay his own personal note and to take down the stock which he had put up as collateral. That the coal company itself did not get a cent of this money, unless it might be said that the same had been spent in paying back salaries to Williams and his wife. Without setting forth more of the testimony, which, as we have already said, is voluminous, we announce it our opinion that the Investors' Syndicate Company through its secretary, Tappen, and the officers of the coal company, principally Williams, entered into a fraudulent agreement to rob the coal company of its entire assets, for the purpose of defeating the rights of the minority stockholders. We are further of the opinion that in so doing the officers of the coal company exceeded their authority in the issuance of the mortgage, and that the same is absolutely void, and was so known to the Investors' Syndicate Company at the time they pretended to have purchased it. This was also the conclusion of Judge Amidon, who tried the rescission case more than ten years ago, in which opinion he said: "As to the advancements of money by the Investors' Syndicate, there are some suspicious circumstances there. . . . I think the evidence would justify the belief that Tappen . . . and Williams

had a full understanding in regard to it. . . . That the transaction that has been disclosed here was developed for the purpose of putting the Investors' Syndicate in a better position in respect to those loans by a mortgage on the property. I do not find it necessary, however, to pass a decree upon that subject." (Found at page 454, 22 N. D.) The loans being, in our opinion, entirely fictitious, it follows that the mortgage given to secure the same was a nullity. For similar holdings, see Davis v. Rock Creek Lumber, Flume & Min. Co. 55 Cal. 359, 36 Am. Rep. 40; Jones v. Morrison, 31 Minn. 140, 16 N. W. 854; 2 Cook, Corp. pp. 19, 24 and 27; Vickery v. Burton, 6 N. D. 249, 69 N. W. 193; First Nat. Bank v. Flath, 10 N. D. 281, 86 N. W. 867; 1 Thomp. Corp. 2d ed. §§ 1215–1220.

The effect of the fact that both Williams and his wife voted for their own salaries, and that the same could not have been passed without their vote, is treated in Re McCarthy Portable Elevator Co. 196 Fed. 247; Hayes v. Canadian, A. & P. S. S. Co. 104 C. C. A. 271, 181 Fed. 289.

Upon the question of the money being used to pay the personal debt of one of the officers and a director see McLellan v. Detroit File Works, 56 Mich. 579, 23 N. W. 321; 1 Beach, Corp. § 276; Smith v. Los Angeles Immigration & Land Co-op. Asso. 78 Cal. 289, 12 Am. St. Rep. 53, 20 Pac. 677; Doe v. Northwestern Coal & Transp. Co. 78 Fed. 67; Wilbur v. Lynde, 49 Cal. 290, 19 Am. Rep. 645; Frederick Mill. Co. v. Farmers' Alliance Co. 20 S. D. 335, 106 N. W. 298.

The fact also that the coal company has refused to answer in this case, although answering in another case argued before this court upon the same day, confirms us in our belief. Under those circumstances, nothing remains for us but to declare the mortgage absolutely void, and this we do, affirming the judgment of the trial court in all particulars.