(4 Misc. Rep. 78.)

GAULD v. LIPMAN et al.

(Common Pleas of New York City and County, General Term. June 5, 1893.)

1. ACTION FOR MONEY HAD AND RECEIVED—EVIDENCE.
    In an action to recover in implied assumpsit for money had and received, it appeared that defendants had accepted certain orders on them issued to plaintiff by one H., payable when certain installments were due H. on a certain building loan contract between him and defendants. Held that, in the absence of proof that such installments had matured, there was nothing to indicate that defendants had received any money to which plaintiff was entitled.

2. SAME—SUFFICIENCY OF EVIDENCE.
    The fact that, on demand of payment, defendants refused to pay, unless plaintiff would consent to release a certain mortgage held by him against

H., which defendants claimed operated in some manner to prevent H. from proceeding with work as a builder, was insufficient to authorize an inference that such installments had matured.

3. SAME—FORM OF ACTION—PLEADING AND PROOF—VARIANCE.

Though such installments had matured, plaintiff was not entitled to recover on an implied promise in assumpsit, since defendant's liability to plaintiff was on acceptances, and there was a fatal variance between the allegations and proof.

Appeal from city court, general term.

Action by William Gauld against Julius Lipman and William Cohen to recover in implied assumpsit for money had and received by defendants to plaintiff's use. From a judgment of the general term of the city court (21 N. Y. Supp. 464) affirming a judgment entered on the verdict of a jury in favor of plaintiff, defendants appeal. Reversed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

Chas. E. L. Jelliffe, (George W. McAdam, of counsel,) for appellants.

Jacob Fromme, for respondent.

BISCHOFF, J. The complaint was upon defendants' implied promise to pay $1,000, alleged to have been had and received by them to plaintiff's use; and the answer denied the receipt of the money. On the trial it appeared affirmatively from the testimony of both defendants that neither of them had in fact received any money whatever for the plaintiff, and this was left unchallenged, unless the remaining facts in evidence justify an inference of its receipt. Defendants had entered into a building loan agreement with one George J. Hamilton, pursuant to which the former were to advance the latter a specified sum of money in installments. Hamilton was indebted to plaintiff in $1,000, and issued to him two several orders on defendants, each for $500, which the latter accepted, one "payable when the eleventh (11th) payment becomes due and payable, according to terms of builders' loan contract on premises N. E. corner 90th Str. & 10th Ave.," and the other "payable when last payment becomes due and payable" according to the terms of the said contract. Some time after the acceptance of these orders by defendants they were asked to pay the several amounts thereof, which they refused to do unless plaintiff would consent to release a certain bond and mortgage for $1,300 held by him against Hamilton, and which defendants claimed at the time operated, in a manner left to our conjecture, to prevent Hamilton from proceeding with work as a builder. Both parties having asked the court to direct a verdict, such a direction was made in plaintiff's favor.

We are of the opinion that defendants' motion should have been granted, or the complaint dismissed. Defendants' refusal to pay unless plaintiff would release Hamilton's bond and mortgage did not authorize an inference that the installments to become due from defendants under their building loan agreement had matured;

and, in the absence of evidence that such was the case, there was nothing to indicate that defendants had at any time received from any source whatever any moneys to which the plaintiff was entitled; hence there was a failure of proof respecting the cause of action alleged in the complaint. Beardsley v. Root, 11 Johns. 464; Haskins v. Dunham, Anth. N. P. 111. Furthermore, an implied promise in assumpsit does not arise when the party against whom the recovery is sought has incurred liability to the party seeking recovery for the same moneys upon an express contract, of which no breach or rescission has been shown. Raymond v. Bearnard, 12 Johns. 274; Jewell v. Schroeppel, 4 Cow. 564; Canal Co. v. Knapp, 9 Pet. 541; Bank v. Patterson, 7 Cranch, 299; Packet Co. v. Sickles, 5 Wall. 580; Dermott v. Jones, 23 How. 220; Ingle v. Jones, 9 Wall. 486. In such a case the party seeking recovery must abide by his contract. In the present instance defendants are liable to plaintiff upon their acceptances to pay when the installments under the building loan agreement have respectively matured. Until the maturity of the installment is shown, the contract of acceptance must be regarded as subsisting and open. Plaintiff could not in this action recover upon the acceptances, because of the rule which requires the recovery to be "secundum allegata et probata." Romeyn v. Sickles, 108 N. Y. 650, 15 N. E. Rep. 698. The judgments of the general and trial terms of the court below must be reversed, with costs to the appellants to abide the event. All concur.