JOHN F. BEYER v. NORTH AMERICAN COAL & MINING COMPANY, Herbert Williams, L. V. Williams, A. E. Wolpert, D. C. Wolpert, A. Maud Wolpert, J. L. Trevillyan, F. B. Nicoll, J. L. Ludvig, John E. Tappen, and Investors Syndicate, a Corporation.

(156 N. W. 204.)

Litigation connected with Investors' Syndicate v. Letts, 22 N. D. 452; Beyer v. Investors' Syndicate Co. 31 N. D. 247, and Beyer v. Robinson, post, 560, just decided. The facts are disclosed in the opinions above cited. Lower court sustained demurrer to complaint.

**Demurrer — to complaint — suit or action — interest sufficient to maintain — minority — stockholder — assets — corporation — impounding.**

1. Plaintiff had sufficient interest to maintain the suit on account of his interest as a minority stockholder and because he has another action pending to impound the assets of the corporation.

**Complaint — cause of action — former adjudication — facts.**

2. The complaint does not show that the matter involved in this suit has been already adjudicated.

**Mortgage — held in trust — foreclosure — defense — disclosed by statements in complaint.**

3. The complaint shows an available defense to the foreclosure of the mortgage held in trust by the defendant.

**Delay in bringing suit — sufficient cause shown.**

4. The complaint shows sufficient excuse for the delay in bringing the suit.

**Complaint — fraud — collusion — action.**

5. The complaint shows the existence of fraud and collusion sufficient to maintain the action.

**Legal remedy — adequate — absence of.**

6. The complaint shows the absence of an adequate legal remedy.

**Complaint — cause of action — certainty and particularity.**

7. The complaint states a cause of action with certainty and particularity.

Opinion filed January 10, 1916.

Appeal from the District Court of Stark County, *Crawford,* J. Reversed.

*M. A. Hildreth,* for appellant.

The complaint shows that the majority of the stockholders and directors are prejudiced against Mr. Beyer and his interests. He can maintain this action. Pom. Eq. Jur. § 1095; Thomp. Corp. 2d ed. § 4568; 2 Machen. Corp. § 1179; Kley v. Healy, 127 N. Y. 555, 28 N. E. 593; Continental Securities Co. v. Belmont, 206 N. Y. 12, 51 L.R.A.(N.S.) 112, 99 N. E. 138, Ann. Cas. 1914A, 777; Pollitz v. Wabash R. Co. 207 N. Y. 113, 100 N. E. 721.

There has been no acquiescence in or ratification by the plaintiff of the acts of the corporation. Arnot v. Union Salt Co. 186 N. Y. 501, 79 N. E. 719; San Diego, O. T. & P. B. R. Co. v. Pacific Beach Co. 112 Cal. 53, 33 L.R.A. 788, 44 Pac. 333.

This principle also applies where a plaintiff against whom it is in-

voked remained silent or inactive when there was the opportunity and the duty to act or speak. Rothschild v. Title Guarantee & T. Co. 204 N. Y. 458, 41 L.R.A.(N.S.) 740, 97 N. E. 879; Sheldon Hat Blocking Co. v. Eickemeyer Hat Blocking Mach. Co. 90 N. Y. 607.

The complaint states a valid cause of action. Jacobson v. Brooklyn Lumber Co. 184 N. Y. 152, 76 N. E. 1075.

Where in a stockholder's action the defendants against whom the wrong is charged are the executive officers of the corporation, who also constitute a majority of the acting board of directors, a prior demand upon the corporation to bring the action is not necessary. 10 Am. & Eng. Enc. Law, 790; Kelsey v. Sargent, 40 Hun, 150; Copeland v. Johnson Mfg. Co. 47 Hun, 235; Barnes v. Brown, 80 N. Y. 527; Ziegler v. Hoagland, 52 Hun, 385, 5 N. Y. Supp. 305; Beers v. New York L. Ins. Co. 66 Hun, 75, 20 N. Y. Supp. 788; Duncomb v. New York, H. & N. R. Co. 84 N. Y. 190; Munson v. Syracuse, G. & C. R. Co. 103 N. Y. 58, 8 N. E. 355; 21 Am. & Eng. Enc. Law, 2d ed. 897–910; Cook, Stock & Stockholders, 3d ed. § 657; Taylor, Priv. Corp. 5th ed. 646–648; Billings v. Shaw, 209 N. Y. 265, 103 N. E. 142.

Where the trustee's act consists not in possessing himself of the property of the beneficiary as owner, but in taking collateral security for a debt honestly due him, the rule can have no application, since the payment of the debt or the discharge of the liability is an essential prerequisite of the avoidance. But where fraud enters into the transaction, a demand to bring action is not necessary. Delaware & H. Co. v. Albany & S. R. Co. 213 U. S. 435, 53 L. ed. 862, 29 Sup. Ct. Rep. 540; Denver & R. G. R. Co. v. Alling, 99 U. S. 463, 25 L. ed. 438; Davis v. Rock Creek Lumber Flume & Min. Co. 55 Cal. 359, 36 Am. Rep. 40.

One cannot faithfully serve two masters whose interests are diverse. Andrews v. Pratt, 44 Cal. 309; San Diego v. San Diego & L. A. R. Co. 44 Cal. 106; Wilbur v. Lynde, 49 Cal. 290, 19 Am. Rep. 645; Pickett v. School Dist. 25 Wis. 552, 3 Am. Rep. 105; Cumberland Coal & I. Co. v. Sherman, 30 Barb. 553; Field, Corp. §§ 174, 175.

Where directors, in violation of their duty and in betrayal of their trust, secured their own debts by mortgage to the injury of the stockholders and creditors, the mortgage is void. Koehler v. Black River Falls Iron Co. 2 Black, 717, 17 L. ed. 341; Rothwell v. Robinson, 39

Minn. 1, 12 Am. St. Rep. 608, 38 N. W. 772; Pencille v. State Farmers' Mut. Hail Ins. Co. 74 Minn. 67, 76 N. W. 1026; Schwab v. E. G. Potter Co. 194 N. Y. 409, 87 N. E. 670; Wilbur v. Lynde, 49 Cal. 290, 19 Am. Rep. 645; San Diego v. San Diego & L. A. R. Co. 44 Cal. 112; Wyman v. Bowman, 62 C. C. A. 189, 127 Fed. 257.

A corporation holds its property in trust for its stockholders. The stockholders have a joint interest in the same property. Wheeler v. Abilene Nat. Bank Bldg. Co. 16 L.R.A.(N.S.) 892, 89 C. C. A. 477, 159 Fed. 391, 14 Ann. Cas. 917; Jackson v. Ludeling, 21 Wall. 616, 22 L. ed. 492; Jones v. Missouri-Edison Electric Co. 75 C. C. A. 631, 144 Fed. 765; Booker v. Crocker, 65 C. C. A. 627, 132 Fed. 8.

A minority stockholder has the right to maintain an action against wrongdoers, in his own name on behalf of the corporation. Hingston v. Montgomery, 121 Mo. App. 451, 97 S. W. 202; Dodd v. Pittsburg, C. C. & St. L. R. Co. 127 Ky. 762, 16 L.R.A(N.S.) 898, 106 S. W. 787.

*Bangs, Netcher, & Hamilton* and *W. J. Mayer,* for respondents.

Neither party, privy, nor stranger may impeach a judgment by an action in equity, as a matter of right, or on the ground only that the judgment is wrong. An action brought for such purpose is *res judicata.* 1 Van Fleet, Former Adjudication, § 1, p. 95; Nichols v. Stevens, 123 Mo. 96, 45 Am. St. Rep. 514, 25 S. W. 578, 27 S. W. 613; 2 Van Fleet, Former Adjudication, p. 998; Willoughby v. Chicago Junction R. & Union Stockyards Co. 50 N. J. Eq. 656, 25 Atl. 277; 11 Enc. Pl. & Pr. 1168.

The remedy against such a judgment is provided by statute. Rev. Codes 1905, § 6884, Comp. Laws 1913, § 7483; Bruegger v. Cartier, 20 N. D. 72, 126 N. W. 491; Freeman v. Wood, 11 N. D. 1, 88 N. W. 721; Routledge v. Patterson, 146 Wis. 226, 131 N. W. 346.

The party seeking relief from a judgment must plead an available defense to the original action, in addition to pleading an acceptable excuse for not using such defense at the proper time, and pleading no present available remedy. 11 Enc. Pl. & Pr. 1192.

"Where the defense set up consists only of matters which were litigated at law, whether before or after judgment, there can be no relief." 11 Enc. Pl. & Pr. 1192, 1193.

Where an action is brought in a court of equity to enjoin or vacate

a judgment, facts must be alleged excusing the failure to resort to all remedies in the original action. Freeman v. Wood 11 N. D. 1, 88 N. W. 721; 11 Enc. Pl. & Pr. 1193, 1194.

The appellant is bound by the original judgment. The so-called fraud, to which he refers in the complaint, is not a fraud or matter that was or should have been an issue in the original action. Nichols v. Stevens, 123 Mo. 96, 45 Am. St. Rep. 514, 25 S. W. 578, 27 S. W. 613; Yorke v. Yorke, 3 N. D. 343, 55 N. W. 1095; 3 Enc. Pl. & Pr. 627, 628, 630.

The statutory remedy by motion to vacate a judgment obtained by fraud is exclusive, where it is not shown that such remedy was not available. Freeman v. Wood, 11 N. D. 1, 88 N. W. 721; Kitzman v. Minnesota Thresher Mfg. Co. 10 N. D. 26, 84 N. W. 585; 6 Enc. Pl. & Pr. 1515; 11 Enc. Pl. & Pr. 1197; English v. Savage, 14 Ala. 342; Roebling Sons Co. v. Stevens Electric Co. 93 Ala. 39, 9 So. 369; Reagan v. Fitzgerald, 75 Cal. 230, 17 Pac. 198; Piggott v. Addicks, 3 G. Greene, 427, 56 Am. Dec. 547; Myrick v. Edmundson, 2 Minn. 259, Gil. 221; Gould v. Loughran, 19 Neb. 392, 27 N. W. 397; Mosley v. Southern Mfg. Co. 4 Okla. 492, 46 Pac. 508; Given's Appeal, 121 Pa. 260, 6 Am. St. Rep. 795, 15 Atl. 468; McIndoe v. Hazelton, 19 Wis. 568, 88 Am. Dec. 701; Coon v. Seymour, 71 Wis. 340, 37 N. W. 243; Kidwell v. Masterson, 3 Cranch, C. C. 52, Fed. Cas. No. 7,758.

The complaint further discloses that appellant, in some form or other, participated in the former adjudication, and he has shown no sufficient reason why he should not be bound by the same. 11 Enc. Pl. & Pr. 1187.

Burke, J. This case is also connected with the litigation commencing with Investors' Syndicate v. Letts, 22 N. D. 452, 134 N. W. 317, and Beyer v. Investors' Syndicate Co. 31 N. D. 247, 153 N. W. 476. It is also remotely connected with the case of Beyer v. Robinson, post, 560, 156 N. W. 203, just handed down by this court. The facts have been so often stated by this court that we will do little more than mention them. The case at bar seeks to enjoin the Investors' Syndicate from continuing the foreclosure of the $500 Dana mortgage given in 1888 by the Letts's upon the N.W.$\frac{1}{4}$ of 16, 139–94. This quarter was first homesteaded by Jeremiah Letts, who received a patent from the

government about 1888. The same year he executed a mortgage thereon in favor of Mrs. Dana for $500, being the mortgage involved in the present action. About the year 1895 one Williams, a promoter, persuaded Letts and Beyer to organize a coal mining company to develop lignite mines upon this and three other quarter sections in the vicinity. After an ineffectual effort to organize, a corporation known as the North American Coal Mining Company was brought into existence with a capital stock of $50,000. The Letts's were to contribute their equity in this quarter section and another tract of land and received $10,000 in stock in the new company. Beyer, this plaintiff, was to furnish money enough to purchase this Dana mortgage and other similar items to the amount of $3,440, and he also received $10,000 in stock. Williams, the promoter, received $30,000 in stock. In this manner Beyer became the owner by assignment of the $500 mortgage, and he, in turn, assigned it to the North American Coal Mining Company. In 1895 Williams, who was in control of the coal mining company, made a fraudulent transfer of this mortgage to the Investors' Syndicate Company. The details of this fraudulent transfer are set forth in Investors' Syndicate v. North American Coal Min. Co. 31 N. D. 259, 153 N. W. 472. It is sufficient to say that the action of Williams and his colleagues was illegal and *ultra vires,* and was so known to the Investors' Syndicate Company at the time of the alleged transfer, and that the said assignment was void. The effect of that decision was to show that the title to this Dana mortgage was really in the North American Coal Mining Company. About the same time as this transfer, Beyers attempted to rescind his contract with the coal company and recover the Dana mortgage and other property, but was defeated in the United States court upon the grounds that he had gone into the deal with his eyes open. Shortly thereafter the Investors' Syndicate started to foreclose the mortgage, and Beyer intervened, alleging that he—rather than the Investors' Syndicate—was the owner of the mortgage. He was met with a plea of *res judicata* and defeated. See Investors' Syndicate v. Letts, supra. It was, however, held that Beyer was not defending for the coal company or the minority stockholders. The sale under such foreclosure has never been made, and the present action is one to permanently enjoin the Investors' Syndicate from asserting title to the mortgage and attempting to foreclose the same. The complaint is

lengthy,—covering twenty-four pages of the printed abstract. As this case will have little value as a precedent, we will not attempt to reproduce it. It alleges all of the facts which we have heretofore mentioned, with the formal parts alleging the corporate existence, and further alleges that as the said litigation progressed it developed from time to time that Williams and the secretary of the Investors' Syndicate were in collusion, "fraudulently contriving and designing to take over all the assets of said company." The various acts of collusion and fraud are then set forth in minute detail. It is incidentally said: "As part of said pretended scheme and fraud an assignment was made of the said Dana mortgage to the said Investors' Syndicate." The facts regarding the foreclosure, and Beyer's ineffectual effort to recover the same, are set forth. It is alleged that the officers and directors of the coal company have fraudulently refrained from taking any action to recover the said Dana mortgage, and that "none of the other stockholders of said corporation or any of the officers of said corporation have at any time attempted to protect the rights of the North American Coal Mining Company, . . . but, on the contrary, the said Herbert Williams, L. B. Williams, and F. B. Nichols have aided and assisted the Investors' Syndicate in carrying out the scheme and fraud hereintofore referred to." Plaintiff further alleges that he has at all times endeavored to wind up the affairs of the said coal company and dispose of its property among its stockholders; that he has commenced an action to have himself reimbursed upon the assets of the coal company for moneys advanced by himself; that he has requested the officers and directors of the said mining company to bring suit, but they have at all times refused and neglected to do so. He further alleges that there have been no meetings of the directors of the said corporation, no proceedings had in any respect whatsoever to change the status of any of the parties since the beginning of the litigation, so that there are no innocent parties intervening. These and other matters of a similar nature are set forth, and a permanent injunction requested against the Investors' Syndicate Company, taking further steps towards the foreclosure.

To this complaint there was interposed a demurrer by the Investors' Syndicate Company, coal company, and the other parties defendant. It was sustained upon the the grounds that the said complaint failed to state a cause of action. The decision of the trial court was rendered and

the briefs in the present action filed before the decision of the case of Investors' Syndicate Co. v. North American Coal Min. Co. supra. For this reason the briefs cover many points decided by said opinion. Therefore, we will not, of course, discuss all of the propositions covered by the briefs.

1. Respondent's first argument is that no party may impeach the judgment by an action in equity as a matter of right, or upon the grounds only that the judgment was wrong. It is complained that Beyer is a stranger to the foreclosure proceedings and therefore should not be allowed to attack them. A complete answer to this contention is that Beyer has alleged that he is a stockholder in the company which owns this mortgage, and has requested the officers and directors to bring a suit to protect its assets, and has himself brought a suit to impound the assets and to give him a lien thereon for the money advanced by him. He has, therefore, sufficient interest to maintain this suit.

2. It is further alleged that defendant was a party to the foreclosure suit as an intervener, and that the decision of the court is res judicata. Two answers can be made to this. Plaintiff in the first action represented merely himself. In this action he is representing the minority stockholders. Besides, the plea of res judicata should be raised by answer, and not by demurrer, unless the fact and the nature of the prior adjudication appear on the face of the complaint.

3. Respondent further says that a party seeking relief from a judgment must plead an available defense, in addition to pleading an excuse for not interposing such defense at the proper time. In answer to this it can be said that a sufficient excuse is pleaded. Plaintiff's complaint shows that he did not learn of the various acts of fraud, or all of them at least, until shortly before the commencement of the present action. He does not show that he knew all of those defenses at the time of the former action. The merits of his defense are that he is an interested minority stockholder of the company which owns this mortgage, and that the Investors' Syndicate Company is asserting hostile ownership.

4. Respondent further states that a party seeking relief from a judgment must plead sufficient excuse for his failure to litigate his defenses upon its merits in the original action in addition to pleading such defense. We believe the complaint sets forth such excuse. The plaintiff,

as is shown in the North Dakota case, at 31 N. D. 259, did not learn of his defense until too late for the former action.

5. Respondent further says that a party seeking relief from a judgment must prove the existence of fraud or collusion between his party and the opposing party in addition to pleading an available defense and no legal remedy. We have said enough already to show that the complaint does plead the existence of fraud and collusion, and, in fact, this question is settled by the case in 31 N. D. 259, just mentioned.

6. Respondent further asserts that plaintiff has not shown an absence of a legal remedy. It is insisted that plaintiff's remedy was by timely motion to open up the judgment in the foreclosure. suit, and that, if he has neglected this, he is debarred from equitable relief. To this, the same answer is made. The pleadings show that the fraud was not discovered in time either to interpose it in the former action, or to use it as a basis for opening up the judgment.

7. Lastly, it is contended that all of the matters requested to be plead in a complaint and an equity action which impeaches a judgment, must be pleaded with certainty and particularity. It is pointed out that the complaint does not show the date of the former trial, nor the entry of the original judgment, nor the day of the discovery of the fraud. We do not believe there is merit in any of those objections. All of those dates were known to these defendants, and they are not prejudiced by their omission. The court knows all of the dates and can take judicial cognizance thereof. The complaint alleges that the fraud was not discovered until after the former trial and after the day for application for relief had past. We realize that the omission of the text of the complaint from this opinion renders the opinion of little use as a matter of public precedent, but the trial court who conducts the next trial will have it before him in full. It is sufficient to say that, in our opinion, it states a good cause of action. As authority for our decision we cite: Pom. Eq. Jur. § 1095; Thomp. Corp. 2d ed. § 4568; 2 Machen, Corp. § 1179; Kley v. Healy, 127 N. Y. 555, 28 N. E. 593; Continental Securities Co. v. Belmont, 206 N. Y. 12, 51 L.R.A.(N.S.) 112, 99 N. E. 138, Ann. Cas. 1914A, 777; Pollitz v. Wabash R. Co. 207 N. Y. 113, 100 N. E. 721; San Diego, O. T. & P. B. R. Co. v. Pacific Beach Co. 112 Cal. 55, 33 L.R.A. 788, 44 Pac. 333; Jacobson v. Brooklyn Lumber Co. 184 N. Y. 152, 76 N. E. 1075; Reed v. Hollingsworth, 157 Iowa,

94, 135 N. W. 37; Strong v. Repide, 53 L. ed. 853, and note (213 U. S. 419, 29 Sup. Ct. Rep. 521). And the cases cited by us in Investors' Syndicate v. North American Coal Min. Co. 31 N. D. 259, 153 N. W. 472. The judgment of the trial court is reversed.