JOHN F. BEYER v. ARTHUR B. ROBINSON, Administrator, et al.

(156 N. W. 203.)

Appeal from an order setting aside a sale of land made after appeal and supersedeas bond.

**Sale of lands — order setting aside — made after appeal — application for such order — notice of — not jurisdictional.**

1. Under the facts in this case the giving twenty-four hours' notice to the adverse party of intention to apply for an order fixing the amount of the supersedeas bond is not a jurisdictional requirement.

**Trial court — decree — correction of — order to show cause — true description of land — old decree as corrected — binding judgment — supersedeas bond — effect of.**

2. The trial court had, upon due notice, made a correction in its decree in order to show the true description of the land to be sold. It is apparent that the old decree as corrected remained the binding judgment of the court from which the appeal was taken and to supersede which the bond was given. It follows that the judgment was properly superseded; the sale thereafter made, void; and the order of the trial court setting it aside, proper.

Opinion filed January 10, 1916.

Appeal from the District Court of Stark County, *Crawford,* J.

Affirmed.

*M. A. Hildreth,* for appellant.

District courts have the power to amend their records and to correct same to correspond to the actual facts. The original decree in this case was so amended by order of the court, before appeal and supersedeas bond, from the original judgment entered. The bond, therefore, had no effect upon the corrected decree. The appeal was from the decree erroneously entered, and not from the amended decree and judgment. Dedrick v. Charrier, 15 N. D. 515, 125 Am. St. Rep. 608, 108 N. W. 38.

The order fixing the supersedeas bond was void because of lack of notice to the adverse party, of application therefor. Rev. Codes 1905, § 7220, Comp. Laws 1913, § 7836.

*Bangs, Netcher, & Hamilton* and *W. J. Mayer,* for respondents.

There is but one judgment in this action, and it is from such judg-

ment that the appeal is taken.   The court had the right to correct clerical mistakes in its records, and to make them show the judgment actually intended to be entered.   15 Enc. Pl. & Pr. 220.

So long as a judgment remains unexecuted, the court has the undoubted right to make or allow amendments to agree with the facts and with what was actually intended, and to make the judgment speak the truth.   McClure v. Bruck, 43 Minn. 305, 45 N. W. 438.

The appellate court, on appeal, may correct the judgment, instead of reversing the case.   The amended decree is only in effect, that the judgment—former judgment—be corrected to conform to the facts and to the intent of the court.   There is but one judgment, and an appeal taken therefrom amounts to and is an appeal from that judgment, notwithstanding any amendment.   15 Enc. Pl. & Pr. 225, 228.

An interlocutory order, fixing the amount of supersedeas bond on appeal, is not subject to collateral attack.   Notice of application for such order is not a condition precedent to jurisdiction.   The action was pending.   Comp. Laws 1913, § 7966; 15 Enc. Pl. & Pr. 317; 17 Am. & Eng. Enc. Law, 1041.

Supersedeas to stay execution is effective if filed and approved prior to sale thereunder.   20 Enc. Pl. & Pr. 1240, 1246; 17 Am. & Eng. Enc. Law, 1004, 1005.

BURKE, J.   This is still another chapter in the litigation begun by Investors' Syndicate v. Letts, 22 N. D. 452, 134 N. W. 317, and continued in Beyer v. Investors' Syndicate Co. 31 N. D. 247, 153 N. W. 476, where a statement of facts appears.   In 1912 Beyer brought an action to determine adverse claims involving the N.W.$\frac{1}{4}$ of section 16, 139–94, and three other quarter sections in Stark county, North Dakota.   This original complaint gave a correct description of the lands involved, but shortly thereafter an amended complaint was served in which this particular quarter was erroneously described as the S.E.$\frac{1}{4}$ of the same section.   Judgment was entered after trial, on August 26, 1913.   Throughout the findings of fact and judgment this quarter is described both correctly and incorrectly,—both descriptions appearing in those papers.   The judgment, however, contained the erroneous description.   Execution issued in August, 1913, containing the wrong description for this quarter and the correct description for the other

32 N. D.—36.

three, and the sale was made thereunder. Shortly after the sale and on January 13, 1914, upon due application, the trial court corrected the findings of fact and judgment, and incidentally vacated the sale in so far as it affected this particular quarter. On the 29th of January, 1914, a new execution was issued upon the corrected judgment by which levy was made upon the proper land. After the levy, but before the sale, the Investors' Syndicate, the defendant in the action, determined to appeal, and applied to the court for an order fixing a supersedeas bond. The court fixed the bond at $300, and the same was executed, and the trial court ordered all further proceedings suspended, which order was served upon Beyer's attorney. It is conceded, however, that no notice of this application was given to Beyer, and there are several serious irregularities in the form of the bond itself. This lawsuit hinges upon the effect of the bond. If the said bond and the order of the trial court given thereon stayed further proceedings, this judgment should be affirmed. However, plaintiff believed the irregularities so serious that the bond itself amounted to a nullity, and ignored the order of the trial court suspending proceedings. The sale of the land was accordingly made on March 10, 1914, two weeks after the appeal to this court had been perfected. In September, 1914, the court, upon due notice, set aside the sale. This appeal is from such order. The original appeal reached this court and was affirmed June 4, 1915, the opinion being found at 31 N. D. 247, 153 N. W. 476.

Appellant insists that the supersedeas bond and the order of the trial court based thereon are nullities because the application to the trial court to fix the amount of the bond was made without notice to the adverse party, and, as he says, the supersedeas bond merely stayed the old, erroneous judgment, and did not apply to the amended and corrected judgment. Respondent, upon his part, contends that those were mere irregularities which could only have been attacked in the district court, and that the order of the trial court superseding all proceedings was made in the exercise of the discretion of the trial court, and cannot be successfully assailed in those proceedings.

(1) Taking up the first proposition, we inquire whether or not the interlocutory order of the trial judge, fixing the amount of supersedeas bond, is subject to attack at this time. Section 7828, Comp. Laws 1913, reads: "If the judgment appealed from directs the sale or delivery

of possession of real property, except in actions for foreclosure of mortgages, the execution of the same shall not be stayed, unless an undertaking is executed on the part of the appellant by at least two sureties in such sum as the court or presiding judge thereof shall direct, to the effect that during the possession of such property by the appellant he will not commit nor suffer to be committed any waste thereon, and that, if the judgment is affirmed, he will pay the value of the use and occupation of the property from the time of the appeal until the delivery of possession thereof pursuant to the judgment." Section 7836, Comp. Laws 1913, provides that in undertakings required by this chapter where the sum or effect of an undertaking is required to be determined by the court, at least twenty-four hours' notice of the application thereof shall be given to the adverse party. It is conceded that this was not done in the case at bar. Section 7840, Comp. Laws 1913, reads: "When a party shall in good faith give notice of appeal and shall omit through mistake or accident to do any other act necessary to perfect the appeal to make it effectual or to stay proceedings, the court from which the appeal is taken or the presiding judge thereof or the supreme court, or any one of the justices thereof, may permit an amendment or the proper act to be done on such terms as may be just." This latter section has been upon our statute books since 1887 at least. It is at least an intimation of the legislative desire to do away with technicalities founded upon oversight and inadvertence. While it does not, of course, directly apply to supersedeas bonds, yet it is at least analogous. The undertaking on appeal and upon supersedeas may be, and frequently are, joined, and they were in fact joined in the case at bar. This court in Beddow v. Flage, 20 N. D. 66, 126 N. W. 97, held that the service of an undertaking on appeal upon the exact time specified by the statute was not jurisdictional, and was allowed to furnish a new undertaking. This court indulged in quite a lengthy discussion of this subject upon its merits, and committed itself to a liberal construction of said § 7840. See also Sucker State Drill Co. v. Brock, 18 N. D. 8, 118 N. W. 348. In the case at bar the order fixing the amount of the supersedeas was served upon Beyer, and he made no complaint, either of the size of the bond nor the failure of the notice. We believe the orderly conduct of litigation in the trial court requires an application to the trial court in such cases, rather than the ignoring of the order. The notice was not a jurisdictional requirement.

(2) Appellant further insists that the supersedeas bond, if held to be such, merely suspended the old, incorrect judgment, which ordered the sale of the wrong quarter section, and that, therefore, there was no appeal at all from the amended and correct order. We are unable to agree with this proposition. There could not be two orders of the trial court in existence at the same time. If the old order was merely corrected, it remained the order of the trial court. If a new and correct order was substituted for the old one, then it became the real order, and the old one was entirely superseded. The undertaking itself recites that appellant feels aggrieved by the judgment of the district court rendered and entered on the 26th of August, 1913. The order of the trial court merely recites that the "defendants . . . desiring to appeal from a judgment of the district court in the above-entitled action, and further desiring that judgment be stayed herein pending the final determination of such appeal, having made application to the court to specify and direct the sum for which such bond staying execution shall be executed, now, therefore, it is hereby ordered that the execution, service, and filing of an undertaking with surety to be approved by the clerk of the district court conditioned as in such cases it is by law provided, in a sum not less than $300, shall stay execution pending appeal herein." The order of the trial court allowing the correction in the description of the land recites: "Now, therefore, it is ordered that the amended complaint, findings of fact, and conclusions of law, judgment, and decree herein, be amended to conform to the true facts as to the description of said lands,—and that an amendatory decree be entered in accordance with the true description. The supplemental and amendatory decree provides "that there be inserted in said decree in lieu of the description of the S.W.¼, section 16, . . . the true description thereof, to wit, the N.W.¼ section 16. . . ."

Upon the whole record we believe and hold that the original decree stood as the decree of the court, with certain amendments thereinafter ordered, and that the appeal was taken from such order, and the supersedeas bond was given in aid of such appeal. It follows, therefore, that all further proceedings in the judgment were legally stayed, and the trial court was justified in setting aside a sale made in violation of such order. The judgment is affirmed.