JOHN F. BEYER v. THE NORTH AMERICAN COAL & MIN-
    ING COMPANY, Herbert Williams, L. V. Williams, A. E. Wol-
    pert, D. C. Wolpert, A. Maud Wolpert, J. L. Trevillyan, F. B.
    Nicoll, J. L. Ludwig, John E. Tappen and Investors' Syndicate,
    a Corporation.

(163 N. W. 1061.)

Pleading — answer — denials — new matter — neither defense nor counter-
    claim — demurrer will lie.

    Where an answer which contains a denial of all the allegations of the com-
    plaint except such as are admitted or qualified alleges new matter constituting
    neither a counterclaim nor a defense to the action, the answer is demurrable
    under § 7452 of the Compiled Laws of 1913.

Opinion filed June 30, 1917.   Rehearing denied July 25, 1917.

Appeal from Stark County, Honorable *W. C. Crawford,* Judge.

Plaintiff appeals.

Reversed.

*M. A. Hildreth,* for appellant.

The mortgage in question was fraudulently issued, and is *ultra vires,* and such fact was known to the investors' syndicate before its execution and delivery.   Investors' Syndicate v. North American Coal & Min. Co. 31 N. D. 259, 153 N. W. 472.

The defendant's answer does not contain new matter constituting a defense or counterclaim, and is demurrable.   Defendants are also estopped, and they cannot seek relief here by adopting any new theory in the case.   Hubbell v. United States, 171 U. S. 203–209, 43 L. ed. 136– 138, 18 Sup. Ct. Rep. 828; Hoseason v. Keegan, 178 Mass. 250, 59 N. E. 627; Parnell v. Hahn, 61 Cal. 133; Rauwolf v. Glass, 184 Pa. 237, 39 Atl. 79; Williamsburgh Sav. Bank v. Solon, 136 N. Y. 464, 32 N. E. 1058.

*Bangs, Hamilton, & Bangs* and *W. J. Mayer,* for respondents.

The case at bar has for its object the enjoining of the foreclosure of a mortgage.   Investors' Syndicate v. Letts, 22 N. D. 452, 134 N. W. 317.

Plaintiff cannot now make claim of ownership in the mortgage. Beyer v. North American Coal & Min. Co. 32 N. D. 542, 156 N. W. 204.

BIRDZELL, J.   This case has been before the court once before upon an appeal from an order of the district court sustaining a demurrer to the complaint.   This court reversed the order of the district court and held that the complaint stated a cause of action.   After the reversal of the order, separate answers were filed in the district court on behalf of two groups of defendants,—one on behalf of the North American Coal & Mining Company, J. L. Trevillyan, F. B. Nicoll, and J. L. Ludwig, and one on behalf of the Investors' Syndicate and John E. Tappen. To these answers the plaintiff interposed demurrers, which were overruled by the district court; and, from the order overruling them, this appeal is taken.   Various phases of the litigation between these parties, involving the transactions set forth in the complaint and answers, have heretofore been before this court, and its history can be traced by refer-

ring to our former decisions. See Investors' Syndicate v. Letts, 22 N. D. 452, 134 N. W. 317; Beyer v. Investors' Syndicate, 31 N. D. 247, 153 N. W. 476; Investors' Syndicate v. North American Coal & Min. Co. 31 N. D. 259, 153 N. W. 472; Beyer v. North American Coal & Min. Co. 32 N. D. 542, 156 N. W. 204; Beyer v. Robinson, 32 N. D. 560, 156 N. W. 203.

The facts stated in the complaint are summarized in the case of Beyer v. North American Coal & Min. Co. 32 N. D. 542, 156 N. W. 204, and need not be repeated here. For convenience, and in the interest of a clear understanding of the questions presented upon this appeal, we will consider the two answers separately. The answer of the North American Coal & Mining Company, Trevillyan, Nicoll, and Ludwig, contains a denial of all of the allegations of the complaint, except as admitted or qualified. Paragraph 3 of the answer alleges the execution of a note by the North American Coal & Mining Company and Williams to the Investors' Syndicate for the sum of $1,118.43. Paragraph 4 alleges the execution of a mortgage by the Coal & Mining Company securing the payment of the above note. Paragraphs 5 and 6 allege the execution of the Letts note and mortgage of $500 to Dana, and its various transfers from Dana to Beyer, from Beyer to the Coal and Mining Company and from the Coal & Mining Company to the Investors' Syndicate. Paragraph 7 alleges as the only consideration for the assignment of the Dana mortgage, the $1,118.43 note from the Coal & Mining Company to the Investors' Syndicate. Paragraph 8 sets up the foreclosure proceedings under the Dana mortgage, wherein the Investors' Syndicate was given a judgment against various defendants and Beyer, intervener, for the sum of $2,524.99, which judgment decreed the amount thereof to be a lien upon the premises covered by the mortgages, directed the sale of the premises in payment of the debt, and decreed that Beyer, intervener, had no interest in the premises. Paragraph 9 sets up the foreclosure proceedings under the mortgage of the North American Coal & Mining Company to the Investors' Syndicate, wherein a final judgment was entered against the plaintiff and in favor of the Coal & Mining Company and Beyer, intervener, which judgment was affirmed by this court in the case of Investors' Syndicate v. North American Coal & Min. Co. 31 N. D. 259, 153 N. W. 472. Digressing for a moment to note the attitude assumed by the officers of the coal

37 N. D.—21.

company toward this litigation, it is to be observed that, in the opinion affirming this judgment, this court held "that the Investors' Syndicate Company, through its secretary, Tappen, and the officers of the coal company, principally Williams, entered into a fraudulent agreement to rob the coal company of its entire assets, for the purpose of defeating the rights of the minority stockholders." It was further found "that upon the execution of the mortgage [to which mortgage the Dana mortgage is conceded in the answer herein to be collateral] Williams took the entire proceeds, even to the last cent, from the Investors' Syndicate Company, and a few hours later paid it back to said Investors' Syndicate Company to pay his own personal note and to take down the stock which he had put up as collateral. That the coal company itself did not get a cent of this money, unless it might be said that the same had been spent in paying back salaries to Williams and his wife." The answer concludes with a demand for a judgment enjoining the Investors' Syndicate from proceeding further with the foreclosure of the mortgage and sale of the premises, and asks that the Investors' Syndicate be adjudged not the owner of the judgment, and that the same be held by it in trust for the use and benefit of the North American Coal & Mining Company. This is substantially the relief asked for in the complaint. It differs only from the complaint in that the latter asks that the enforcement of the judgment be held in abeyance until the court can hear testimony on the part of the plaintiff, Beyer, and other stockholders interested in determining the validity of the judgment.

Whether or not the foregoing answer it demurrable depends upon whether the purported new matter set forth therein constitutes either a counterclaim or defense. Comp. Laws 1913, § 7452. It is manifestly conceded in this answer that, so far as the Investors' Syndicate is concerned, some party, either the plaintiff or the answering defendants, are entitled to the relief sought in the complaint. The sole inquiry is as to who is entitled to this relief.

The complaint states facts which entitle Beyer to maintain this action. This has already been held by this court upon the appeal wherein the demurrer to the complaint was overruled. The facts themselves have also been established in previous litigation which had not been determined when the complaint in this action was filed, but

which was determined before the answers herein were filed. In the case of Investors' Syndicate v. North American Coal & Min. Co. supra, this being the action wherein the mortgage given to the Investors' Syndicate was defeated because it was held to have been fraudulently issued as a part of a scheme to defraud the coal company of its assets, it appears that no defense whatever was made by the coal company, and that the success of that litigation was due to the fact that Beyer intervened to protect the stockholders of the coal company, whose officers were apparently willing that it should be looted. In that action this court held that it was proper for Beyer to champion the interests of the stockholders of the North American Coal & Mining Company because its officers were in a conspiracy with the plaintiff to prevent a defense being interposed, and because their transactions in giving the note, to which the Dana mortgage is collateral, and in pledging the assets of the corporation, were a fraud upon Beyer and the other stockholders. As between Beyer and the set of officers claiming to represent the coal company, Beyer's right to the relief asked for in this complaint was conclusively established in the above action. It is true that the Dana mortgage was not directly involved in that action, but it is admitted in the answer before us that the transfer of the Dana mortgage to the Investors' Syndicate was upon the same consideration which supported the mortgage there involved, and that the Dana mortgage is held as collateral to the mortgage indebtedness litigated in that action. Consequently the fraud which vitiated the principal indebtedness also destroyed the collateral transaction. The answer of these defendants, then, puts in issue no issuable fact upon which the plaintiff's right to maintain this action depends. Inasmuch, however, as it purports to contain lengthy allegations of supposedly new matter which constitutes neither a counterclaim nor a defense, it is clearly demurrable. Comp. Laws 1913, § 7452. An answer of this character is not removed from the operation of a demurrer, because of the fact that it contains a denial of all allegations except as admitted or qualified. See Van Dyke v. Doherty, 6 N. D. 263, 69 N. W. 200; Kennedy v. Dennstadt, 31 N. D. 422, 154 N. W. 271.

The answer of the Investors' Syndicate and John E. Tappen is identical with that of the coal company; except that it contains no prayer for relief whatsoever. It amounts to no more or less than an offer

of judgment for the relief prayed for. Its purported allegations of new matter, of course, cannot amount to matters of defense or counterclaim, and consequently it is likewise demurrable. The appellant contends that, if this pleading be considered as containing complete admissions of the truth of the complaint, the appellant should have moved for judgment upon the pleadings, instead of demurring. Under facts assumed by this argument, a motion for judgment on the pleadings would be but another way of arriving at the same result. The judgment for the plaintiff on demurrer would likewise give him judgment on the pleadings.

In conclusion it seems proper to observe that, while this action has been held to have been properly brought as an independent suit, the relief sought, in view of the present state of the litigation between these parties concerning the subject-matter, characterizes this proceeding as being in reality an ancillary step for the protection of the fruits of the prior action in which the mortgage indebtedness to the Investors' Snydicate has been invalidated for fraud.

The order appealed from is reversed and the cause remanded for further proceedings according to law.