WILLIAM J. LOGAN, Respondent, *v.* FIDELITY-PHENIX FIRE INSURANCE COMPANY, Appellant.

First Department, February 1, 1918.

Pleading — complaint alleging loan of stock returnable on demand pursuant to valid express contract and praying equitable relief — demurrer — failure to state cause of action at law — effect of prior judgment holding contract invalid.

A complaint which shows that the plaintiff pursuant to the terms of a valid express contract executed by the defendant's president, loaned stocks to it returnable on demand, and alleges that plaintiff was induced to enter into said contract by reliance upon certain false statements by defendant's president, and that the defendant instead of using the stock to borrow money for a certain specified purpose, pledged it and used the money obtained for other purposes, and that the pledgee thereafter sold the stock, does not state a cause of action for an accounting, and since there was no allegation that any demand had ever been made for the return of the stock, it does not even state a cause of action at law and is, therefore, demurrable.

The court was not bound, under the circumstances, to hold the contract invalid on its face, because it was so held in another action between the same parties.

APPEAL by the defendant, Fidelity-Phenix Fire Insurance Company, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 2d day of October, 1917,

overruling a demurrer to the complaint and granting plaintiff judgment on the pleadings.

*Elihu Root* of counsel [*David Rumsey* with him on the brief], for the appellant.

*Anson Beard* of counsel [*Gifford, Hobbs & Beard,* attorneys], for the respondent.

SHEARN, J.:

The defendant has appealed from an order granting plaintiff's motion to overrule a demurrer to the complaint, interposed on the ground that it does not state facts sufficient to constitute a cause of action.

The complaint, after alleging the broad and entirely sufficient power of Sheldon, as president of the Phenix Insurance Company, derived both by the terms of its charter and by the custom of the business, to warrant him in making the contract of borrowing which is set forth in the complaint, alleges the making of a contract between the plaintiff and the Phenix Insurance Company, acting through Sheldon, its president, by which the stock, which is the subject of this action, was borrowed by the Phenix Insurance Company under an agreement to return the stock on demand. It is alleged that the plaintiff was induced to enter into the contract by reliance upon certain statements made by Sheldon concerning the business of the company, the occasion for the loan and the use which the defendant intended to make of the loan, which statements were untrue. Further, that plaintiff delivered the stock " to the said Sheldon as president, and for the account, of said Phenix Insurance Company," and that " the said Sheldon, as president of said Phenix Insurance Company, at the same time delivered to plaintiff a receipt for the said shares of stock, of which the following is a copy:

" NEW YORK, *October* 27, 1909.

" Received of Mr. Wm. J. Logan, fourteen hundred (1400) shares of Am. Sugar Refining Co. com. stock, for acct. of Phenix Insurance Co., to be returned on demand.

" GEORGE P. SHELDON, *President.*"

The complaint further alleges that plaintiff subsequently ascertained the falsity of Sheldon's statements and that, instead of the company having used the stock to borrow $145,000 for the purpose of transferring certain reinsurance, Sheldon borrowed that sum on the loaned stock and by "the use of practically all of the aforesaid sum of one hundred and forty-five thousand dollars ($145,000)" paid a $10,000 indebtedness of the Phenix Insurance Company and completed the performance of a contract under which that company was obligated to purchase $200,000 face value of New York city bonds, which were thereby actually purchased by the company and were delivered into its treasury. The complaint further alleges that the pledgee from whom Sheldon borrowed the $145,000 thereafter sold plaintiff's pledged stock and paid the $145,000 loan from the proceeds of the sale. The complaint demands judgment that it be ascertained through an accounting what part of the $145,000 borrowed by Sheldon on plaintiff's stock was used for the benefit of defendant and found its way into defendant's treasury through the aforesaid transactions and that plaintiff have judgment for the amount so ascertained.

It is insisted on behalf of the plaintiff that this is an equitable action to trace the assets or money by which the defendant was unjustly enriched and to compel defendant to account for that part of plaintiff's money which was used for the company's benefit. On the other hand, the defendant maintains that on the face of the complaint a valid express contract appears under which the Phenix Insurance Company is obligated to return plaintiff's stock on demand, and that the existence of such a valid express contract precludes any recovery of benefits derived from the stock. In determining which contention is correct, we are confined to the allegations in the complaint. Conceding, as the demurrer does, the broad power of Sheldon to borrow stock for the use of the company, it cannot be seriously denied that the complaint sets forth a complete, express and, on its face, a perfectly valid contract obligating the defendant to return the borrowed stock on demand. It is not alleged that any demand was ever made for the return of the stock, but it does clearly appear that unless the defendant returns the stock

on demand it will be liable to respond in damages as for a conversion. Under such circumstances, of course it is of no concern to the plaintiff what use the defendant has made of the borrowed stock or what benefit it has received therefrom. Where plaintiff shows that pursuant to the terms of a valid express contract he has loaned stocks returnable on demand, no basis is laid for any accounting. Before answer, a complaint praying equitable relief for which no basis is laid and showing a cause of action at law is demurrable. (*Low* v. *Swartwout*, 171 App. Div. 725.) But this complaint does not even state a cause of action at law because of the failure to allege a demand for the return of the borrowed stock. Neither are we concerned with any implied contract, for the express contract precludes the existence of an implied contract. (*Gauld* v. *Lipman*, 4 Misc. Rep. 78; *Work* v. *Beach*, 53 Hun, 7.)

But, it is said, the court should, in spite of the broad allegations of Sheldon's power and authority, hold the contract to be invalid on its face, because it was decided in another action between the same parties (161 App. Div. 404) that the contract was invalid. It is further said that the position of the defendant is illogical and untenable, if not unconscionable, in that having succeeded in another action in having the contract declared to be invalid it is now seeking to defeat the plaintiff by asserting that the contract is valid. In making this argument plaintiff's counsel either fails or refuses to appreciate that in the other case the defendant, on a trial of the merits, established as a fact that Sheldon did not have the power to make the contract sued on, whereas here the defendant is merely dealing with a question of law on demurrer, where it is compelled to admit the allegations of authority. Notwithstanding the adjudication upon the trial of the other case, the plaintiff has again alleged that the contract was authorized and has set forth facts which, when uncontroverted, show on their face that he did have authority. There is no allegation in the complaint showing what were the pleadings in the other case, what the facts were that were litigated, the scope of the issues, or what was decided. If the plaintiff is really proceeding upon the theory of unjust enrichment, growing out of the use by the defendant for its benefit of

money obtained from the plaintiff pursuant to a contract negotiated by Sheldon, as president, in excess of or without authority, the facts should be so alleged, instead of setting out what appears on its face to be a perfectly valid express contract negotiated under broad and sufficient powers.

Other interesting questions are raised by the learned counsel for the defendant, but it is unnecessary to pass upon them in the present state of the complaint.

The order should be reversed, with ten dollars costs and disbursements, and the motion to overrule the defendant's demurrer to the complaint denied, with ten dollars costs, with leave to plaintiff to amend the complaint within twenty days after notice of entry of the order of reversal.

CLARKE, P. J., LAUGHLIN, SCOTT and PAGE, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, with leave to plaintiff to amend on payment of costs.