WILLIAM J. LOGAN, Respondent, *v.* FIDELITY-PHENIX FIRE INSURANCE COMPANY, Appellant.

First Department, April 4, 1919.

Pleading — complaint in equity — demurrer — pledge of stock by president of corporation as security for loan — sale by pledgee and payment of loan from proceeds — use of money borrowed for benefit of corporation and for individual benefit of its president — complaint in action by owner of stock who loaned same to president of corporation demanding judgment for sum used for benefit of said corporation — failure to allege authority of president of corporation to borrow and pledge stock — sufficiency of allegations as to want of consideration for receipt of the borrowed money by the corporation.

A complaint in equity insufficient to entitle the plaintiff to any equitable relief is demurrable even though it states a cause of action at law.

An amended complaint alleging that the president of an insurance company for whose obligations the defendant has become liable by merger, borrowed stock from the plaintiff which was sold by the pledgee and a loan to said president paid from the proceeds; that a demand was duly made for the return of the stock before it was sold by the pledgee; that a portion of the proceeds of the loan was used by the president for his individual benefit and the remainder for the benefit of the defendant's predecessor in repurchasing bonds; that the defendant's predecessor did not pay or deliver any consideration either to the plaintiff or to its president or otherwise for the proceeds of the loan used for its benefit, and demanding judgment for the sum used for the benefit of the defendant's predecessor but failing to allege whether or not the president of the defendant's predecessor was authorized by it to borrow and pledge the stock, fails to state a cause of action and is demurrable.

The plaintiff's allegations with respect to want of consideration are insufficient.

The plaintiff having alleged facts from which in the ordinary course of business there would be a good consideration provided the president of the defendant's predecessor was not authorized to borrow and pledge the stock, he should be required to negative the existence of consideration and should not be permitted to cast the burden of pleading and proving consideration upon the defendant.

APPEAL by the defendant, Fidelity-Phenix Fire Insurance Company, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk

of the county of New York on the 1st day of November, 1918, overruling its demurrer to the amended complaint.

*Elihu Root* of counsel [*David Rumsey* and *LeRoy A. Lincoln* with him on the brief; *Rumsey & Morgan*, attorneys], for the appellant.

*Francis M. Scott* of counsel [*Gifford, Hobbs & Beard* attorneys], for the respondent.

LAUGHLIN, J.:

On a former appeal from an order overruling a demurrer to the original complaint on the ground that it failed to state facts sufficient to constitute a cause of action, we held that the complaint was demurrable on the theory that it was framed in equity to compel the defendant to account for part of the proceeds of a loan obtained on 1,400 shares of American Sugar Refining Company stock, borrowed of the plaintiff by one Sheldon as president of the Phenix Insurance Company — for whose obligations the defendant has become liable by merger — and that the plaintiff had an adequate remedy at law for the failure of the defendant's predecessor to return the stock on demand pursuant to the contract under which they were loaned (*Logan* v. *Fidelity-Phenix Fire Insurance Company*, 181 App. Div. 624). The original complaint, having been framed in equity and being insufficient to entitle the plaintiff to any equitable relief, was demurrable even though it stated a cause of action at law (*Low* v. *Swartwout*, 171 App. Div. 725) and we so held; but we also expressed the opinion that it was insufficient to state a cause of action at law in that it did not show a demand for the return of the stock.

It appeared by the original complaint that Sheldon borrowed $145,000 on the stock and that the pledgee sold the stock and from the proceeds of the sale paid the loan. Although it was then alleged that Sheldon was authorized to borrow the stock for the defendant's predecessor, an accounting was only demanded for that part of the proceeds of the loan obtained on stock which was used for its benefit. On that theory this court recognized that the plaintiff might have

a cause of action against the defendant as for money had and received, even though Sheldon was not authorized to borrow or pledge the stock; but we pointed out that if the plaintiff sought to recover on that theory he should have so alleged the facts, instead of alleging what purported to be a valid express contract negotiated by Sheldon for the corporation of which he was president. Under the leave to amend, which this court gave the plaintiff, the amended complaint was served and it eliminates all the allegations of the original complaint with respect to Sheldon's authority to act for the corporation in the premises and the allegations and prayer for relief with respect to an accounting.

The amended complaint alleges a demand duly made for the return of the stock before it was sold by the pledgee, and further alleges that of the proceeds of the loan of $145,000, obtained by Sheldon on the stock, he used part for his individual purposes and benefit and used $138,542.23 for the purposes and benefit and for the enrichment of the defendant's predecessor in repurchasing New York city dock bonds which had been sold by it to the brokerage firm of Fisk & Robinson under an agreement by which it was at liberty to repurchase the same at any time and by which it was obligated so to repurchase at any time on notice from said brokerage firm.

It is also alleged in the amended complaint that the defendant's predecessor " did not pay or deliver any consideration whatever, in any manner or form, either to this plaintiff or to the said Sheldon, or otherwise," for the said $138,542.23, so used for the benefit of the defendant's predecessor in repurchasing said stock. It was alleged in the original complaint and is realleged in the amended complaint that the plaintiff after demand duly made for a return of the stock, brought an action against the defendant for the conversion thereof and recovered a verdict therein and that the judgment entered thereon was reversed on appeal and that the complaint in that action was dismissed on the ground that the facts proved on the trial of that action, which it is alleged were the same as these alleged in the amended complaint herein, were insufficient to sustain an action for conversion of the stock. (See *Logan* v. *Fidelity-Phenix Fire Insurance Company,* 161 App. Div. 404; affd., 220 N. Y. 688.) The

demand for judgment in the amended complaint is for the said sum of $138,542.23, and interest thereon from the date it was received, to the use and benefit of the defendant's predecessor.

The plaintiff, by his amended complaint, failed to follow the views expressed by this court on the former appeal in that he failed to allege whether or not Sheldon was authorized by the defendant's predecessor to borrow and pledge the stock. If he had alleged that Sheldon was so authorized the complaint could be sustained, for the plaintiff could waive the conversion of the stock and elect to recover only such part of the proceeds of the loan as was used for the benefit of the defendant's predecessor; and if he had so alleged, it would not be necessary to allege that the defendant's predecessor received such part of the said proceeds without further consideration therefor. By failing to allege such authority on the part of Sheldon and by setting out the facts and circumstances under which the money was received to the use and benefit of defendant's predecessor, as already stated, he realized the necessity of showing that no consideration was parted with therefor by the defendant's predecessor; but his allegations with respect to want of consideration are wholly insufficient. A reference to the facts stated in the opinion of the Appellate Division in the conversion action, hereinbefore cited, accounts for the peculiar allegations of the amended complaint, tending to show want of such consideration. It thereby appears that Sheldon had unlawfully appropriated to his own use property of his corporation in excess of said amount and that the plaintiff, who was a director of said corporation and a friend of Sheldon's, loaned him the stock to enable him to obtain a loan thereon with which to make up, in part, his defalcation to the defendant's predecessor, of which he was president.

If those are the facts and we should sustain this complaint as good, the plaintiff might recover, notwithstanding the fact that the money was received by the defendant's predecessor to make good, in part, Sheldon's defalcation, for if so received it might be said that the defendant's predecessor neither *paid* nor *delivered* any consideration therefor, although clearly in such circumstances there would have been a good

and valid consideration for its receipt of the money if it received it in payment of a liability of Sheldon to it.

Assuming, therefore, that Sheldon was not authorized by the defendant's predecessor to borrow the stock, in which event it would constitute an individual transaction by him, the defendant would not be liable to the plaintiff for part of the proceeds of the loan as for money had and received, if it received the same in payment or settlement of an obligation owing to it by Sheldon, or in other words, it would not be so liable unless it received the same without consideration, which is not shown by the amended complaint. It may be that a cause of action for money had and received could be sufficiently pleaded by the plaintiff without expressly alleging that there was no consideration for the receipt of the money by the defendant's predecessor; but where, as here, the plaintiff sets forth facts from which in the ordinary course of business there would be a good consideration provided Sheldon was not authorized by his company thus to borrow and pledge the stock, he should be required to negative the existence of consideration and should not be permitted to cast the burden of pleading and proving consideration upon the defendant.

It follows that the order should be reversed, with ten dollars costs and disbursements, and the motion to overrule the demurrer and for judgment on the pleadings denied, with ten dollars costs, but the plaintiff will be afforded one more opportunity to amend his conplaint on payment of such costs.

CLARKE, P. J., PAGE, SHEARN and MERRELL, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, with leave to plaintiff to serve amended complaint on payment of said costs.