[File No. 6155.]

ALBERT WICKUM, Appellant, v. C. J. ARNESON, Respondent.

(249 N. W. 709.)

Opinion filed July 17, 1933.

*J. C. Adamson,* for appellant.

*Traynor & Traynor,* for respondent.

BIRDZELL, J. This is an appeal from a judgment dismissing the plaintiff's action and for costs. Judgment was entered pursuant to an order sustaining the defendant's demurrer to the complaint. The complaint, disregarding its alleged defects, purports to state a cause of ac-

tion to recover damages sustained by the plaintiff through a judgment obtained against him in a prior action brought against him by a third party, the Southam State Bank, upon a note transferred to the bank by the defendant in this action, which note the plaintiff claims had been discharged by becoming merged in another, which was also included in the same judgment. The complaint is somewhat long and need not be reproduced here in order to present the issues involved upon this appeal. The substance of it is that the plaintiff had executed and delivered to the defendant a $900 note and that more than a year thereafter there had been an accounting between the plaintiff and the defendant resulting in an agreement that the plaintiff then owed the defendant $1,383.84, for which amount the plaintiff executed a note and secured the same by chattel mortgage; that without the knowledge of the plaintiff the mortgage was so drawn as to secure the.$900 note, which had been merged in the note for $1,383.84, as well as the latter note; that both notes were subsequently transferred to the Southam State Bank or placed in its custody to enable suit to be brought thereon in such manner as to prevent the defendant (the present plaintiff) from establishing his defense; that suit was so brought wherein the court found the bank to be a good faith purchaser for value before maturity and entered judgment accordingly; likewise a judgment of foreclosure. There are additional allegations to the effect that the bank failed and the plaintiff later learned from its records that at the time of instituting its action against him the bank appeared not to be the owner of the notes. The actual damage pleaded is the amount of the $900 note, plus an alleged discrepancy of $210 between the total proceeds of the execution sale and the amount returned. There was also a prayer for exemplary damages.

In presenting to the trial court the issues of law raised by the demurrer to the complaint, the defendant requested the trial court to take judicial notice of the records and files, including the evidence, in the case of Southam State Bank against the plaintiff. The trial court did so, and in a memorandum opinion comments on the evidence adduced by the defendant in that action, the plaintiff in this, to establish that he did not owe the $900 note. There is also comment that notwithstanding the court's formal finding in the findings of fact that the bank was a good faith purchaser for value before maturity without notice,

the court had, as a matter of fact, held the bank was not a holder in due course and had permitted the defendant to establish his defense, if any he had, and had held the defendant had no defense to the $900 note. Considering these facts as established, the court in ruling on the demurrer disregarded the allegations in the complaint in the present action, wherein the plaintiff predicates damage on the defendant's transfer of the notes to the bank in such circumstances as to have precluded his making a defense to the $900 note. The only question involved on this appeal is the legal propriety of so disregarding the allegations of fact in the complaint, which the demurrer admits to be true, and entering a judgment of dismissal based upon contrary facts said to have been established against the plaintiff in the other action.

The contention that the court can properly disregard the allegations in the complaint resolves ultimately to the proposition that the facts alleged have been adjudicated against him in another action. In other words, the contention is that the plaintiff is bound by a former adjudication.

The law is that "when a former adjudication becomes in itself the ultimate fact or matter in issue, either as a cause of action or as a defense, it must be treated like any other similar fact or matter, under the rules of pleading." 2 Freeman, Judgm. 5th ed. § 798, page 1692. And when it is relied upon to bar a second action it must be pleaded and "cannot ordinarily be raised by a motion or by demurrer, since these are not appropriate or proper methods of presenting to the court the facts with respect to the adjudication and of which it will not take judicial notice." Freeman, Judgm. supra, p. 1693; Byer v. North American Coal & Min. Co. 32 N. D. 542, 549, 156 N. W. 204; Lindsley v. McIver, 51 Fla. 463, 40 So. 619; Reid v. Caldwell, 120 Ga. 718, 48 S. E. 191 (no opinion; syllabus: "A former adjudication of the same cause of action, not appearing from the petition, is not ground for demurrer, but for plea"); First Nat. Bank v. Williams, 126 Ind. 423, 26 N. E. 75; Spurlock v. Missouri P. R. Co. 76 Mo. 67; Beattie Mfg. Co. v. Gerardi, 166 Mo. 142, 65 S. W. 1035; Logan v. Fidelity-Phenix F. Ins. Co. 181 App. Div. 624, 168 N. Y. Supp. 883.

But it is earnestly argued that the court should take judicial notice of the facts that were actually litigated in the Southam State Bank case. And when judicial notice is so taken it must appear that the

plaintiff has no cause of action. Consequently the action was properly dismissed. This involves not only a misconception of the fundamental rule of pleading mentioned above, but the scope of judicial notice as well. Section 7937, Comp. Laws 1913, in its enumeration of facts of which the court will take judicial notice, does not include the evidence by which issues in the former action were resolved one way or another. Nor is such evidence a record of which the court can take judicial notice. It is elementary that whenever testimony taken upon a former trial, even between the same parties, is resorted to on a subsequent trial, it is not judicially noticed but is provable as any other fact; that is, the evidence of those who heard it is admitted upon laying a proper foundation. In some instances, usually provided for by statute, a properly certified transcript or a settled statement of the case may be admitted, but this is not such a case. Even the reporter's notes are not original evidence. 2 Wigmore, Ev. (2d Ed.) 1669. The most that can be said for the recollection of the trial court is that the judge is a competent witness as to what such testimony was, and after a proper foundation laid could testify. 3 Wigmore, Ev. 2d ed. § 1666. "A judge is not at liberty to give one of the parties the benefit of a fact known to himself simply because it is a matter of record in his own court." 16 Cyc. 918. And see Murphy v. Citizens' Bank, 82 Ark. 131, 100 S. W. 894, 11 L.R.A.(N.S.) 616, 12 Ann. Cas. 535; Adams v. Billingsley, 107 Ark. 38, 153 S. W. 1105; Streeter v. Streeter, 43 Ill. 155, 164. The sufficiency of the complaint must be tested as though it were before a judge who had not presided at any previous trial at which the plaintiff was a party.

True, where a matter of law or a fact of which the court is required to take judicial notice is erroneously pleaded, a demurrer does not admit such matter of law or such fact as it is not well pleaded. Cooke v. Tallman, 40 Iowa, 133; Southern P. R. Co. v. Groeck (C. C.) 68 Fed. 609; French v. Senate, 146 Cal. 604, 80 Pac. 1031, 69 A.L.R. 556, 2 Ann. Cas. 756; Ohm v. San Francisco, 92 Cal. 437, 28 Pac. 580; 6 Standard Proc. 952. But this principle is not applicable here for the reason that nothing is pleaded in the complaint of which the court is required to or should take judicial notice. Neither are cases in point which, under a plea of res judicata, show merely the scope of a former adjudication (Kallberg v. Newberry, 43 N. D. 521, 170 N.

W. 113); nor cases where former litigation between the same parties is referred to by way of interpreting pleadings in a subsequent suit. Beyer v. Investor's Syndicate, 47 N. D. 358, 182 N. W. 934.

Judgment reversed.

Nuessle, Ch. J., and Burr, Christianson, and Burke, JJ., concur.